(No. 36427.—

CONLON-MOORE CORPORATION, Appellee, *vs.* ROBERT JOHNSTON, Successor to Roy F. Cummins, Director of Labor, Appellant,

*Opinion filed November 30, 1961.*

WILLIAM G. CLARK, Attorney General, of Springfield, (WILLIAM C. WINES, RAYMOND S. SARNOW, A. ZOLA GROVES, and PHILIP G. BIXLER, Assistant Attorneys General, of counsel,) for appellant.

DORFMAN, DEKOVEN & COHEN, of Chicago, (SEYMOUR COHEN and RICHARD W. LANER, of counsel,) for appellee.

Mr. JUSTICE HERSHEY delivered the opinion of the court:

This is on appeal upon the granting by this court of petition for leave to appeal from the judgment of the Appellate Court, First District, affirming a judgment of the circuit court of Cook County entered in a declaratory judgment

action brought by Conlon-Moore Corporation wherein the circuit court held that "wages" as used in the "Wage Payment Act of Illinois" does not include vacation pay.

Appellee, Conlon-Moore Corporation, permanently ended production at its plant in Joliet, Illinois, in October, 1957. It refused to pay employee claims for "vacation pay" for any period of employment after May 1, 1957. The pay of its employees was based upon a collective bargaining agreement effective from January 1, 1956, until December, 1957. The Director of the Department of Labor of Illinois through his Wage Claim Division held an informal hearing and notified appellee to pay the claims within five days or that failure so to do would result in enforcement as provided by law. Appellee thereupon filed this suit for declaratory judgment and to restrain enforcement of the Wage Payment Act of 1937. (Ill. Rev. Stat. 1959, chap. 48, pars. 39g—39m.) The court entered a declaratory judgment as prayed but refused injunction or a restraining order.

Stipulation was entered into between the parties which included agreements that unless appellee complied with the Department order of payment, prosecution would result; also, that there existed a collective bargaining agreement effective between appellee and its employees which, in article V, entitled "Vacations," contained provisions as to the conditions and eligibility requirements for vacations and vacation pay.

The sole question here involved is whether the term "wages," as used in the Wage Payment Act of 1937, includes within its meaning and purpose "vacation pay" as provided for in the collective bargaining agreement.

In holding that the term "wages" as used in the statute does not include vacation pay, the Appellate Court relied heavily upon certain periodical literature indicating that paid vacations and other fringe benefits were uncommon at the time of the enactment of the law, thus raising an inference that it was unlikely that the legislature intended to use the

word "wages" to include such benefits. The Appellate Court also relied upon the opinion of the New York Court of Appeals in *People* v. *Vetri,* 309 N.Y. 401, 131 N.E.2d 568, construing a somewhat analogous New York statute, and upon the general principle that since the statute under consideration contains criminal penalties, it is penal in nature and should be strictly construed. We do not, however, regard these factors as conclusive, but think that the problem can be better approached by a consideration of the primary subject and purpose of the statute as revealed by a reading of the statute itself.

The statute contains no express definition of the term "wages" as used therein. A reading of the statute as a whole, however, reveals that, like the Semi-Monthly Payment of Wages Act, it is dealing with wage payments that are due and payable at regular intervals, and its purpose is to insure that such payments are promptly made. But vacation pay, by its very nature, is not ordinarily intended to be paid at regular intervals. Instead, it is intended to be accumulated until the vacation period arrives, and then paid to the employee. Thus vacation pay would not ordinarily be included in the term "wages" as used in the statute. It could be argued, of course, that the situation is different where, as here, a plant shuts down, and that, in such a case, vacation pay should have been included within the term "wages." However, the statute makes no provision for this contingency, and we do not feel free to adopt a construction that vacation pay becomes wages in this particular situation when it is ordinarily not wages when used in the statute. We hold, therefore, that the trial and Appellate courts correctly held that the term "wages" as used in the Wage Payment Act of 1937 does not include vacation pay.

While some collective bargaining agreements have been so construed that "vacation pay is included in the term wages" (*Brampton Woolen Co.* v. *Local Union No. 112,* 95 N.H. 255, 61 A.2d 796), and in a number of bank-

ruptcy cases "vacation pay" has been included in the priority given to "wage" claims, these are not decisive of the interpretation of the instant statute. Neither is our opinion in *Grobe* v. *Board of Review of Dept. of Labor*, 409 Ill. 576, controlling here, since the court, in interpreting the Illinois Unemployment Compensation Act to hold that the Director of Labor may not pay unemployment compensation to a worker for a period when he is not working but is receiving vacation pay because vacation pay in that statute is wages, was interpreting merely the particular statute before it. In that statute "wages" as used therein was defined broadly as "every form of remuneration for personal services." No such broad definition is in the statute here under consideration.

Disposition of the basic question as is here made disposes of this case. We decide here only that vacation pay is not included within the term wages as used in the particular statute. Questions concerning the liability of the employer to any employee for vacation pay or of any civil remedies available to the employees to enforce any such liability are not before us.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*