(No. 38149.—

JOSEPH A. LONDRIGAN, Appellee, *vs.* STATE EMPLOYEES' RETIREMENT SYSTEM OF ILLINOIS, Appellant.

*Opinion filed January 22, 1964.—Rehearing denied March 16, 1964.*

WILLIAM G. CLARK, Attorney General, of Springfield, (WILLIAM C. WINES, RAYMOND S. SARNOW, and A. ZOLA GRAVES, Assistant Attorneys General, of counsel,) for appellant.

JAMES T. LONDRIGAN, of Springfield, for appellee.

Mr. JUSTICE HERSHEY delivered the opinion of the court:

This is a suit begun by the plaintiff, Joseph A. Londrigan, pursuant to the Administrative Review Act to review a decision of the defendant, the State Employees' Retirement System of Illinois.

This appeal comes directly to this court since the State of Illinois has a direct pecuniary interest within the meaning of section 75 of the Civil Practice Act. Ill. Rev. Stat. 1963, chap. 110, par. 75.

A stipulation of facts entered into by the parties discloses that on August 17, 1954, the plaintiff was granted a retirement allowance or "pension" by the State Employees' Retirement System. It is admitted by the parties that he earned said pension.

On June 5, 1961, the plaintiff agreed with the office of the Attorney General to render professional services to the State as an attorney upon the same basis that plaintiff made similar contracts with other clients, and he was on that date appointed a special assistant Attorney General. This

service was not rendered by the plaintiff on a regular basis for a set monthly compensation, but instead the plaintiff charged the State a rate of $25 per hour for doing that work which was forwarded to him.

Under the defendant's decision: (1) the plaintiff's State pension was suspended during such time as he should continue to receive compensation as a special assistant Attorney General, since in defendant's opinion the plaintiff had re-entered "the service of a Department as defined by this Act" within the meaning of section 6.1 thereof (Ill. Rev. Stat. 1959, chap. 127, par. 220.1); and (2) the plaintiff was not allowed to pay any additional sums into the retirement system so as to increase the amount of his ultimate pension, since he was also found not to be regularly employed by the State as required by the statute. The circuit court reversed the first of these holdings and affirmed the latter.

In seeking a reversal of the trial court's order as to the first finding the defendant strenuously urges that the General Assembly has intended to enact two different criteria with respect to pensions for State employees, one of which has to do with eligibility to receive a pension and the other of which has to do with eligibility to make contributions toward a pension, or if a pension has already been earned, then toward a larger pension. The plaintiff filed a cross-appeal as to the court's ruling upholding the second finding, but seeks to set same aside only should the defendant be successful in its appeal.

Section 6.1 of the act (Ill. Rev. Stat. 1959, chap. 127, par. 220.1) provides in pertinent part as follows: "Any person receiving a service retirement allowance or retirement annuity, *who shall re-enter the service of a department as defined by this Act* * * * shall receive no payments on account of the service retirement allowance or retirement annuity during the time such person shall be so employed." (Emphasis supplied.)

Under the statute only "employees" may contribute to the retirement system. Section 3—4 of the act states that "employee" means "any regular classified or unclassified officer or employee who, prior to the date of establishment, received salary, for service rendered to the State of Illinois, on a warrant issued pursuant to a payroll certified by a Department, or from an elected or duly appointed officer of the State, or who receives payment for the performance of personal services on a warrant issued pursuant to a payroll certified by a Department and drawn by the Auditor of Public Accounts upon the State Treasurer, who is employed in a position normally requiring actual performance of duty during not less than nine hundred (900) hours per year." Ill. Rev. Stat. 1959, chap. 127, par. 217.

Defendant argues that because plaintiff is rendering professional services as a special assistant Attorney General that he is clearly in the "service" of the State of Illinois within the meaning of section 6.1 of the above statute and, therefore, that his pension was properly suspended. Defendant further contends that since under section 3—4 the criterion for determining eligibility to "contributing membership" is that one be regularly employed in a position requiring 900 hours per year, the plaintiff was also correctly held to be ineligible to make any further payments to the retirement system.

The plaintiff is admittedly not a regular officer or employee receiving a salary based upon any regular department payroll nor is he in a position normally requiring actual performance of duty during not less than nine hundred (900) hours per year. He, therefore, clearly does not qualify as a contributing member and he cannot make further contributions towards a larger pension. The trial court's determination on this part was therefore clearly correct.

We do not agree, however, with the defendant's contention that plaintiff is ineligible to continue receiving his

present pension. It is true as noted by the defendant that different criteria are sometimes used to define the same or similar words, depending upon the legislative purpose intended. (Compare *Conlon-Moore Corp.* v. *Johnston,* 23 Ill.2d 341, with *Grobe* v. *Board of Review of Dept. of Labor,* 409 Ill. 576.) However, that does not appear to be the situation in this case. Nothing in this act precludes the State from using a retired, but specially trained individual, on a special assignment basis. Section 6.1 expressly provides that an individual becomes ineligible for his pension if he "shall re-enter the service of a department *as defined by this Act.*" Defendant seeks to ignore the emphasized portion of this provision and to define "service" as meaning the receipt of compensation in any amount and for any purpose and in any capacity. In fact, however, "service" is expressly defined in section 3—7 of the act to mean service as an *employee* of a department for which compensation is paid. Even aside from the above mentioned reference in section 6.1 to the statutory definition, the meaning of which reference defendant nowhere attempts to explain, it is apparent from other portions of section 6.1 that no dual standard was here intended. It is provided in the second paragraph of this section that as to any person who does re-enter the service of a department, and hence becomes ineligible for his pension, "contributions to the system shall begin as of the date of reemployment and additional creditable service shall begin to accrue," and that "Such person shall assume the status of a member entitled to all rights and privileges in the system." Contributions to the system can be made only by employees and therefore section 6.1 clearly was intended to base ineligibility for continued receipt of a pension only upon re-entry into service of a department as an employee.

It is not even contended that the plaintiff is an "employee" of the State or that he is regularly employed by any department. The plaintiff as shown by the record is re-

tained by the State on a per-hour basis to handle specialized problems that are from time to time forwarded to him. His compensation is dependent completely upon the amount of work that is referred to him by the Attorney General, and it is admitted that in some months he may receive no compensation at all. The defendant expressly concedes in its brief that plaintiff's position is more like that of an independent contractor than an employee. Therefore, the trial court correctly set aside the defendant's ruling that the plaintiff had re-entered "the service of a department as defined by this Act."

For the foregoing reasons the judgment of the trial court is affirmed.

*Judgment affirmed.*