Phillip C. Storck, Plaintiff-Appellant, v. The Quaker Oats Company, Defendant-Appellee.

Gen. No. 67–24.

Third District.

July 20, 1967.

Moehle, Moehle & Reardon, of Pekin, for appellant.

Frings, Hoffman & Bagley, of Pekin, for appellee.

STOUDER, P. J.

Plaintiff Appellant, Phillip C. Storck, commenced this action in the Circuit Court of Tazewell County against Defendant Appellant, The Quaker Oats Company, claiming that he was entitled to two weeks' vacation pay from defendant. The action is based on a labor management contract a copy of which contract is attached to the complaint. In substance the complaint alleges that Plaintiff was employed by Defendant for a certain period of time, that in July, 1966, the Defendant employer posted a vacation schedule indicating Plaintiff's vacation period was to be two weeks in August, that prior to the vacation period so designated Plaintiff was discharged

by Defendant and that under such circumstances Plaintiff was entitled to receive and recover two weeks' vacation pay. Defendant moved to dismiss the complaint alleging that the complaint failed to state a cause of action because the labor management contract, which was the basis for Plaintiff's claim, provided that the only remedy available to Plaintiff, if any, was under the grievance and arbitration procedure set forth in said labor management contract. The trial court dismissed the complaint and this appeal follows.

In seeking to reverse the judgment of the trial court Plaintiff argues that his claim being for wages, the Grievance and Arbitration Procedures, provided for in the labor management contract, are not applicable and do not bar his action. This controversy arises primarily from conflicting interpretations of certain provisions of the contract. In Article 3 of the contract dealing with Arbitration and Grievance procedure a Grievance is defined as "The word 'Grievance' wherever used in this Agreement shall mean any complaint on the part of the Union or any employee in regard to the interpretation and application of the specific terms and provisions of this Agreement." Further in the same article it is provided, "Arbitration shall be limited to the settlement of specific claims arising out of the interpretation and application of the specific terms and provisions of this Agreement. The Board of Arbitration shall have no power to add to, subtract from or modify any of the terms of this Agreement. It is agreed that wages shall not be subject to arbitration." In support of his argument that his claim is for wages Plaintiff relies primarily on section 440, chapter 48, Ill Rev Stats 1965, and Cummings v. Chicago, A. & E. Ry. Co., 348 Ill App 537, 109 NE2d 378. Section 440, provides in substance that where the employer and employee have agreed upon terms and conditions relating to vacation the same shall be deemed to be wages. In Cummings v. Chicago, A. & E. Ry. Co.,

supra, the court held that if an employee was entitled to receive a vacation after working a certain period of time the right to a vacation, or for compensation in lieu thereof, was earned, and the employee was entitled to compensation therefore even though his employment may have terminated before such vacation was scheduled. Defendant agrees with the rule announced in the Cummings case but points out that it is not applicable to the facts in the instant case since no arbitration or grievance procedure was involved. No Illinois case, nor any case from another jurisdiction, has been called to our attention where the exclusion of vacation pay from an arbitration procedure was the issue of the case. Defendant relied on cases such as United Steel Workers of America v. Enterprise Wheel & Car Corp., 363 US 593, 80 S Ct 1358, and Republic Steel Corp. v. Maddox, 379 US 650, 85 S Ct 614, none of which deal with vacation pay or an exclusionary clause contained in an arbitration agreement as in the instant case. The general purport of the cases relied upon by Defendant is that the arbitration and grievance procedures in labor management contracts are in accord with public policy and such agreements will be enforced by the courts according to their terms.

We believe that the trial court was correct in holding that the Plaintiff was required to prosecute his claim in accord with the Grievance and Arbitration Procedures of the contract. From a consideration of the provisions of the contract as a whole, we believe that the provision excluding wages from the Arbitration Procedure refers to the general scale of wages or to disputes concerning wages that may result when negotiations for a new contract ensue. In our opinion the claim presented by Plaintiff is within the definition of Grievance as used in the contract. In a general sense any claim for money under a labor management contract is for wages. Were we to adopt the view contended for by Plaintiff the Grievance

and Arbitration Procedures would be of little effect. Claims based for vacations, overtime, downtime, sick leave or holidays could in a general sense be considered claims for wages. However we believe that it was the intent of the contract that such issues be resolved by resort to the Arbitration and Grievance Procedure. The Arbitration and Grievance Procedure is designed to provide a method for resolving disputes between employer and employee under such circumstances that the viability of the employment relationship may continue satisfactorily while at the same time the disputes may be resolved. Even though in the instant case, the Plaintiff was discharged, it would appear that such disputes might well develop during the continuance of the employment relation and be settled in accordance with the provisions of the contract by arbitration without destroying or impairing the employment relation.

Finding no error in the judgment of the Circuit Court of Tazewell County the judgment of said court is affirmed.

Judgment affirmed.

ALLOY and CORYN, JJ., concur.