Marjorie B. RICKS, Administratrix of the Estate of Regina Dorethia Burton, Plaintiff below, Appellant,

v.

Jeni L. COFFELT, Administratrix of the Estate of Yvonne C. Harmon, a/k/a Yvonne C. Farmer, et al., Defendants below, Appellees.

Supreme Court of Delaware.

Submitted Nov. 15, 1976.

Decided Jan. 20, 1977.

Karl Haller, Georgetown, for plaintiff below-appellant.

Morton R. Kimmel, Kimmel, Spiller & Bradley, P. A., Wilmington, for defendants below-appellees.

Before HERRMANN, C. J., and DUFFY and McNEILLY, JJ.

DUFFY, Justice.

The single question at issue in this appeal is whether loss of future earnings is a compensable item of damages in a claim for wrongful death in which recovery is sought under the mandatory insurance requirements of 21 Del.C. § 2118.[1]

## I

For present purposes, the facts are few and undisputed. On June 30, 1972 Regina Burton was killed while riding in an automobile for which State Farm Mutual Automobile Insurance Company (defendant) had issued a policy covering passengers. Plaintiff is the Administratrix of Miss Burton's Estate. Noting that the Statute refers to "injured persons" and that it requires compensation for "loss of earnings" and not for "loss of future earning capacity," the Superior Court accepted defendant's construction of the statute and awarded it summary judgment. We reverse.

## II

The terms of 21 Del.C. § 2118 governing this case are, in pertinent part, as follows:[2]

"(a) No owner of a motor vehicle registered in this State, other than a self-insurer pursuant to § 2906 of this title, shall operate or authorize any other

1. Plaintiff argues that the policy issued by defendant requires payment of lost earnings but in view of our construction of § 2118, the so-called "no-fault" Statute, it is unnecessary to decide that issue.

2. The current law, which became effective on January 1, 1975, differs in form and, to some extent, in substance from that considered here. It provides, for example, that compensation be paid, *inter alia*, for the "Net amount of lost earnings." See 59 Del.L. Ch. 574.

person to operate such vehicle unless the owner has insurance on such motor vehicle providing the following minimum insurance coverage:

"(1) Indemnity from legal liability for bodily injury, death or property damage arising out of ownership, maintenance or use of the vehicle to the limit, exclusive of interest and costs, of at least the limits prescribed by the Financial Responsibility Law of this State.

"(2) Compensation to injured persons for reasonable and necessary expenses for medical, hospital, dental, surgical, medicine, X-ray, ambulance or prosthetic services, professional nursing, and funeral services and for loss of earnings and reasonable and necessary extra expense for personal services which would have been performed by the injured person had he not been injured, arising out of an accident involving such motor vehicle and incurred or medically ascertainable within 12 months of said accident. This compensation shall have minimum limits of $10,000 for any 1 person and $20,000 for all persons injured in any 1 accident. The compensation for funeral services pursuant to subsection (a)(2) shall not exceed the sum of $2,000 per person."

Under subparagraph (a)(1) indemnity coverage is required for three classes of claims; these are: (1) bodily injury, (2) property damage, and (3) death. An elaborate analysis of language is not required to demonstrate that a person who has sustained either a "bodily injury" or "property damage" may himself bring an action under the Statute, but a death action, by definition, may only be maintained by a personal representative. Thus, subparagraph (a)(1) implicitly contemplates that a claim for "death," based on the mandatory insurance requirements of § 2118, will be made by a personal representative and not by an "injured person".

Subparagraph (a)(2) of the statute specifies items of damage which are recoverable. Thus, compensation must be provided for "medical" services, for "hospital" services, for "dental" services, and so on. The Statute also requires that compensation be provided for "funeral services". Again, while an injured person may ordinarily be expected to file his own action to recover for medical, hospital and dental services, the same thing cannot be said of "funeral services". Quite obviously, one cannot bring an action to recover the cost of his own funeral. And thus it necessarily follows that in its entirety, subparagraph (a)(2) also contemplates payments to a personal representative as well as to an "injured person".

It seems to us that these two subparagraphs of the Act clearly contemplate actions by and recovery to a personal representative and, for that reason, claims based on the Act are certainly not limited to those made by an "injured person", as the Superior Court determined.

Turning to the heart of the matter, § 2118 requires compensation coverage "for loss of earnings". We find nothing in this language or elsewhere in the statute which limits such recovery to one who is himself the injured person. On the contrary, the legislative intention in claims derived from death, as found in both subparagraphs (a)(1) and (a)(2), is to confer benefits of the insurance requirements on a personal representative. The logic and necessity of that purpose are, we think, self-evident for the reasons recently stated in this Court's opinion, in *Loden v. Getty Oil Company*, Del.Supr., 359 A.2d 161 (1976), a wrongful death action brought under 10 Del.C. § 3704. The Chief Justice wrote as follows:

"If one dies as a result of another's negligence, it is unreasonable to assume a legislative intent which would permit the tortfeasor, by the excessiveness of his own wrongful act, to escape the full measure of damages which would have been recoverable had the injured party

lived. A rule of reason requires that the measure of damages recoverable by a decedent's personal representative be the same, basically, as if the injured party had survived."

That reasoning is equally applicable here and we adopt it in construing 21 Del.C. § 2118. Specifically, we hold that "loss of earnings" is a compensable item of damage recoverable by a personal representative in an action under the Statute.

\* \* \* \* \* \*

Defendant's argument based on the failure to obtain its attorney's endorsement signifying acceptance of service of the notice of appeal is without merit.

\* \* \* \* \* \*

Reversed.