SCOA INDUSTRIES, INC., and Wilmington Dry Goods Company, Defendants below, Appellants,

v.

Owen W. BRACKEN, Plaintiff below, Appellee.

Supreme Court of Delaware.

Submitted Oct. 18, 1976.

Decided April 11, 1977.

Reargument Denied June 2, 1977.

Walter L. Pepperman, II and William H. Sudell, Jr., of Morris, Nichols, Arsht & Tunnell, Wilmington, for defendants below, appellants.

S. Bernard Ableman, of Connolly, Bove & Lodge, Wilmington, for plaintiff below, appellee.

Before DUFFY and McNEILLY, Justices, and BROWN, Vice-Chancellor.

PER CURIAM.

Defendant appeals in part from a judgment entered by a Superior Court jury for plaintiff on plaintiff's claim for the portion of a year-end bonus earned at the time of his discharge, 19 *Del.C.* § 1103(a),[1] a statutory penalty, 19 *Del.C.* § 1103(d),[2] and attorney's fees, 19 *Del.C.* § 1113(c),[3] under the

---

1. 19 *Del.C.* § 1103(a) provides:

"(a) Whenever an employee is discharged by an employer, the wages earned by the employee shall become due and payable in full by the employer at the time of discharge."

2. 19 *Del.C.* § 1103(d) provides:

"(d) If an employer, without any reasonable grounds for dispute, fails to pay an employee wages, as required under this chapter, the employer shall, in addition, be liable to the employee for liquidated damages in the amount of 10 percent of the unpaid wages for each day, except Sunday and legal holidays, upon which such failure continues after the day upon which payment is required or in an amount equal to the unpaid wages, whichever is smaller, except that, for the purpose of such liquidated damages, such failure to pay shall not be deemed to continue after the date of the filing of a petition in the bankruptcy with respect to the employer if he is adjudicated bankrupt thereupon. An employer who is unable to prepare the payroll due to a labor dispute, power failure, blizzard or like weather catastrophe, epidemic, fire or

explosion shall not be deemed to have violated this chapter."

3. 19 *Del.C.* § 1113(c) provides:

"(c) Any judgment entered for a plaintiff in an action brought under this section shall include an award for the costs of the action, the necessary costs of prosecution and reasonable attorney's fees, all to be paid by the defendant. In the case of actions brought under this section by the Department, expenses and attorney's fees shall be remitted by the Department to the State Treasurer. The Department shall not be required to pay the filing fee or other costs of the action or fees of any nature or to file bond or other security of any nature in connection with such action or with proceedings supplementary thereto or as a condition precedent to the availability to the Department of any process in aid of such action or proceedings. The Department shall have the power to join various claimants in 1 preferred claim or lien and, in case of suit, to join them in 1 cause of action."

Wage Payment and Collection Act (The Act), contending the one year Statute of Limitations for recovery upon a claim for work, labor, or personal services, 10 *Del.C.* § 8111,[4] is dispositive of the appeal. We agree, and thus will only discuss that issue.

## I

Plaintiff, a former employee of defendants, was discharged for cause on January 15, 1972, the jury determining this to have been an unreasonable discharge. Under the undisputed terms of the oral employment contract, plaintiff received a fixed annual salary, payable weekly, plus a year-end commission or bonus based upon an agreed percentage of sales beyond a stipulated amount, calculated after the close of defendants' fiscal year, which ends January 31, and paid on or before February 15. Defendants refused to pay any amount as a bonus, and plaintiff filed this claim on January 31, 1973. In their answer defendants alleged, *inter alia,* that plaintiff's cause of action under the Act accrued at the time of discharge, rather than at the end of defendants' fiscal year. This argument was rejected below, and is made in this Court only with respect to the statutory penalty and attorney's fees. The bonus claim is not here disputed.

## II

The threshold question is whether the year-end bonus constitutes "wages" under 19 *Del.C.* § 1103. The answer is found in 19 *Del.C.* § 1101(a)(2), which defines "wages" as " . . . compensation for labor or services rendered by an employee, whether the amount is fixed or determined on a time, task, piece, *commission* or other basis of calculation." (emphasis added) It follows that the statutory causes of action arose at the time of discharge, were untimely filed, and are barred by the Statute of Limitations.

\* \* \* \* \* \*

4. 10 *Del.C.* § 8111 provides:
    "No action for recovery upon a claim for wages, salary, or overtime for work, labor or personal services performed, or for damages (actual, compensatory or punitive, liquidated or otherwise), or for interest or penalties resulting from the failure to pay any such claim, or for

Reversed and remanded for proceedings consistent with this opinion.

any other benefits arising from such work, labor or personal services performed or in connection with any such action, shall be brought after the expiration of one year from the accruing of the cause of action on which such action is based."