**DEPARTMENT OF LABOR ex rel., Floyd H. COMMONS, Domingo Garcia, Guillermo Muniz, Roy C. Marvel, Elwood D. Starkey, Byron Hurd, Jr., and Robert R. Olliver, Plaintiffs,**

v.

**GREEN GIANT COMPANY, a corporation incorporated in the State of Delaware, Defendant.**

Superior Court of Delaware, New Castle County.

Submitted July 28, 1978.

Decided Sept. 28, 1978.

---

Gary A. Bryde, Asst. Atty. Gen., Dept. of Justice, Wilmington, for plaintiffs.

Paul P. Welsh and Craig B. Smith of Morris, Nichols, Arsht & Tunnell, Wilmington, for defendant.

TAYLOR, Judge.

This suit is brought by the State Department of Labor to recover severance pay on behalf of former employees of defendant whose employment was terminated February 29, 1976. The motion to dismiss rests on two grounds, (1) that the Department of Labor is not authorized by statute to sue for severance pay and (2) that the suit was not timely brought.

## I. AUTHORITY OF DEPARTMENT TO SUE

### A.

The pertinent statutory provisions are found in Chapter 11, Title 19, Delaware Code. 19 Del.C. § 1102 establishes a duty for the employer to pay wages on regular paydays and § 1103 establishes a duty to

pay wages in full at the time an employee is discharged. § 1109 requires an employer to pay any benefits or wage supplements to an employee within 30 days after such payments are required to be made. § 1113, inter alia, provides that when the Department determines that wages have not been paid and that such unpaid wages are a valid and enforceable claim, and upon written request of the aggrieved employee the Department may bring suit to collect such claim.

Defendant contends that the present claim does not involve wages as that term is used in the statute and therefore the Department is without power to maintain this suit. Plaintiff contends that the definition in § 1101 means that the word "wages" extends to all forms of compensation and benefits which appertain to the employment relationship.

"Wages" is defined in 19 Del.C. § 1101(a)(2) to mean "compensation for labor or services rendered by an employee, whether the amount is fixed or determined on a time, task, piece, commission or other basis of calculation."

It is noted that in some areas of the law the term "wages" is narrowly defined. 19 Del.C. § 2302 defines "wages" as "the money rate at which the service rendered is recompensed", and it contains specific exclusions. 19 Del.C. § 3302 contains specific exclusions from the term "wages", among which are holiday pay, vacation pay and dismissal payments.

The cases defining "wages" as used in other statutes are in deep conflict. The Delaware Supreme Court held that in the absence of restrictive language pay for holiday periods constitutes "wages". *Employment Security Commission v. Watts*, Del.

Supr., 254 A.2d 230 (1969).[1] Vacation pay has been held to be wages in some cases[2] and has also been held not to be wages.[3] Severance pay has been held not to be "wages". *McGowan v. Administrator*, Conn.Supr., 153 Conn. 691, 220 A.2d 284 (1966). Further review of authorities involving other statutes is not of assistance.

■ Since the definition of wages in § 1102(a)(2) does not clearly answer the question raised here, consideration should be given to the significant context in which the word "wages" was used in the original statute. § 1102 required payment by an employer of "all wages due to his employees" on regular designated paydays at least once a month. § 1103 required payment of all wages earned at the time of discharge or payment of all wages earned by a specified time in the case of an employee quitting. § 1108 requires an employer to give notice of rate of pay, to post notice of policies concerning vacation pay, sick leave and comparable matters, and to furnish at the time of payment a statement "showing the wages due, the pay period for which wages are due" and deductions made from the wages due. The review of the word usage in the statute indicates that the word "wages" was used to refer to the regular direct compensation which would ordinarily be paid at the end of each period of a certain number of work days. In the statute the word is used interchangeably with the word "pay". The usage in the statute does not adapt itself to the concept that "wages" include nonrecurrent benefits such as severance pay.

This construction is in harmony with decisions elsewhere which have construed statutes of similar wording. 48 *Am.Jur.2d* Labor § 1813, p. 1115 & § 1826, p. 1121; *People v. Vetri*, N.Y.App., 309 N.Y. 401, 131

---

1. Based on a revision of the statute a contrary result was found in *General Motors Corporation v. Crishock*, Del.Supr., 287 A.2d 648 (1972).

2. *People v. Bishopp*, Cal.App., 56 Cal.App.3d Supp. 8, 128 Cal.Rptr. 923 (1976); *In re E. V.*

*Moore of Cal., Inc.*, 9 Cir., 447 F.2d 1106 (1971); *Adams Potato Chips, Inc. v. N. L. R. B.*, 6 Cir., 430 F.2d 90 (1970).

3. *Storck v. Quaker Oats Co.*, Ill.App., 85 Ill. App.2d 399, 228 N.E.2d 752 (1967).

N.E.2d 568 (1955); *Conlon-Moore Corp. v. Johnston*, Ill.Supr., 23 Ill.2d 341, 178 N.E.2d 336 (1961); *United States Reduction Co. v. Nussbaum*, Ind.App., 112 Ind.App. 330, 42 N.E.2d 403 (1942); *Monterosso v. St. Louis Globe-Democrat Publishing Co.*, Mo.Supr., 368 S.W.2d 481 (1963).

It is recognized that the Delaware Supreme Court held in *SCOA Industries v. Bracken*, Del.Supr., 374 A.2d 263 (1977) that a year-end bonus qualifies as "wages" under the definition in 19 Del.C. § 1101(a)(2) because a bonus is a form of commission and a commission is one of the specific enumerations in that definition. Although the per curiam opinion in *Bracken* did not elaborate upon the holding, it is consistent with the conclusion that "wages" refers to regular direct recurrent compensation for services rendered.

The section which now appears as 19 Del.C. § 1109 was not a part of the original statute. In the original statute, vacation pay was mentioned in § 1108 as additional information which an employer is required to furnish to his employees and it is specified separately from "pay". The statute contained no specific mention of the other items specified in § 1109.

The present § 1109 was enacted in 1968 by 56 Del.Laws, Ch. 442. It provided that benefits and wage supplements must be paid "within 30 days after such payments are required to be made". It defined "benefits or wage supplements" to mean "compensation for employment other than wages, including, but not limited to, reimbursement for expenses, health, welfare or retirement benefits, and vacation, separation or holiday pay". This definition differentiates between "wages" and "other compensation for employment". It was not a distinction made in the original law but in amendment to that law. The amendment by providing specifically for the subject of benefits and wage supplements might be considered to be a legislative construction that the original law in its use of the word "wages" did not cover benefits and wage supplements. Alternatively, it can also be considered merely to reduce the time severity of the original law by providing for delay in the payment date for this form of compensation. It is noted that the prefatory language in § 1109(b) reads, "as used herein", as the introduction to the definition of "benefits or wage supplements". It is an introduction to the definition of "benefits or wage supplements", and not to a definition of "wages". Hence, it is the phrase "benefits or wage supplement" whose usage is being restricted by the phrase "as used herein" and not the word "wages". Even that restriction is without effect, since the phrase "benefits or wage supplement" is found only in § 1109. I do not find that § 1109 constitutes a legislative interpretation of the prior statute which is helpful to plaintiff. Nor has any administrative interpretation been shown. Nor did the enactment of § 1109, which by its own definition dealt with matters other than "wages", expand the meaning of "wages" as used throughout Chapter 11.

I conclude that in its original form 19 Del.C. Ch. 11 did not encompass severance pay and that the amendment which added § 1109 did not broaden the statutory concept of "wages".

## B.

The second phase of this issue is whether, in the light of the conclusion reached above, the Department had authority to bring this action. 19 Del.C. § 1113 authorizes an employee, and conditionally authorizes the Department, to sue for "unpaid wages and liquidated damages". This provision was a part of the original statute and remains unchanged. Since the recovery sought is not for "wages" as I have concluded that term is used in the statute, defendant contends that the Department has no authority to sue.

There are two enforcement sections in the chapter. § 1112 provides criminal penalties and § 1113 provides for monetary

recovery. As the statute existed prior to the enactment of § 1109 the statute conferred upon employees the right to timely payment of wages, with liquidated damages if the wages were not paid as required. 19 Del.C. § 1104(d). Hence, the reference in § 1113 to "unpaid wages and liquidated damages" gave a civil remedy which was co-extensive with the duties imposed upon the employer and the rights conferred on the employee.[4] Moreover, the remedies accorded to an employee and those accorded to the Department covered the same subject matter. In other words, § 1113 provided civil remedies to the employee and the Department to recover in all instances where payments required under the statute had not been timely made.

§ 1109 broadened the employer's duty to make payment. It failed to note the civil enforcement language of § 1113.

Clearly, payment to an employee is a prime objective of the statute. The means of recovery for non-payment must also be a prime objective of the statute since even liquidated damages are provided for. Bearing in mind that the statute should be broadly construed to accomplish its objective, the civil recovery provisions must be similarly construed to effectuate that objective. *SCOA Industries v. Bracken*, supra; *State ex rel. Christopher v. Planet Insurance Co.*, Del.Super., 321 A.2d 128 (1974). Moreover, if § 1113 fails to authorize recovery by the Department it also fails to authorize recovery by the employee, since the language is coextensive. Hence, absent § 1113, the amendment provided no means of recovery for employer's violation of this duty. Such recovery, being compensatory, is not subject to the restrictive rule for which defendant argues.

■■■ A statute should be construed in such way as to produce a harmonious whole, if reasonably possible. *Hamilton v. Trivits*,

Del.Super., 340 A.2d 178 (1975). It is a recognized principle that the creation of a new duty or obligation carries with it by implication a corresponding remedy. Crawford, *Statutory Construction* § 168, p. 268; *Perez v. Dumpson*, N.Y.Supr., 88 Misc.2d 506, 389 N.Y.S.2d 279 (1976); *State v. Wrobel*, Conn.App., 3 Conn.Cir. 57, 207 A.2d 280 (1964); *Board of Regents v. Carter*, S.D. Supr., 228 N.W.2d 621 (1975); *Clark v. State Employment Appeals Board*, Me. Supr., 363 A.2d 735 (1976). In determining the meaning and effect to be given to a legislative enactment, it will be presumed that the legislature intended its statute to be effective and operative and the Court will seek means to effectuate the purpose. *Pennsylvania Public Utility Commission v. Commonwealth*, Pa.Com., 23 Pa.Cmwlth. 559, 353 A.2d 887 (1976); *Bergner v. State*, Conn.Supr., 144 Conn. 282, 130 A.2d 293 (1957); *Massachusetts Bay Transp. Authority v. Boston Safe Deposit & Trust Co.*, Mass.Supr., 348 Mass. 538, 205 N.E.2d 346 (1965); *Morgan v. Katsinas*, Ill.Supr., 16 Ill.2d 169, 157 N.E.2d 38 (1959). 2A *Sutherland Statutory Construction* §§ 55.02–.03, pp. 380–3.

In the recent case of *Ricks v. Coffelt*, Del.Supr., 369 A.2d 680 (1977) the Delaware Supreme Court had occasion to apply the principle which I have just discussed. *Ricks* involved the application of the motor vehicle no-fault statute to permit recovery of funeral expenses by the personal representative of a person killed in an automobile accident. The statutory language only specified recovery by an "injured person" even though funeral expenses were one item of recovery permitted by the statute. Based upon the apparent legislative intent and applying "logic and necessity", the Supreme Court concluded that the personal representative could recover even though omitted from the statute.

The applicability of this principle to the instant matter is evident. Since the legisla-

---

4. The penalty provision justified broader enforcement language because it imposed duties on the employer which were not directly related to payment of wages, i. e. notification, post-ing and record keeping under § 1108; nondiscrimination, compliance with regulations and standards under § 1112.

ture enacted the amendment expanding the employer's duty to pay employees but failed to provide for civil recovery as it had provided for similar payment requirements of the original statute, the civil recovery provision, § 1113, is expanded by necessary implication to encompass the subject matter of the amendment.

Whether authorization under § 1113 is merely directory or is indispensible to the bringing of suit need not be considered here. Cf. 73 *Am.Jur.2d* Statutes §§ 430–3, pp. 529–31. Even if statutory authorization is viewed as indispensible, suit to recover amounts due under § 1109 may be brought based upon the principle discussed above. Accordingly, I conclude that the Department of Labor can pursue an action for recovery of severance pay.

## II.

The second issue is whether suit was timely brought. 19 Del.C. § 1109 requires payment or furnishing of benefits and wage supplements "within 30 days after such payments are required to be made" under an agreement. It appears that the former employees to whom payments are alleged to be due were terminated February 29, 1976. The parties are in agreement that 10 Del.C. § 8111 is the applicable statute of limitation, arguing suit to be brought within 1 year.

Assuming that the agreement required the payments to be made at the time of termination of employment, the payment time under § 1109 was thirty days thereafter. In this case, the required payment date was March 30, 1976 and the final date for suit was March 30, 1977. It is agreed that suit was filed at least by March 1, 1977. Hence, suit was timely filed.

In view of the conclusion reached above, it is not necessary to discuss matters related to the filing of the complaint which were raised in the briefs.

Defendant's motion to dismiss is denied. IT IS SO ORDERED.