STATE of Delaware, upon the relation and for the use of Harry J. LAWRENCE, Ward Logan, James Gentile, Clark Weber, Michael Klerlein, Patrick J. Lynn and David Jones, and Harry J. Lawrence, Ward Logan, James Gentile, Clark Weber, Michael Klerlein, Patrick J. Lynn and David Jones, individually; Iron–Workers District Council (Philadelphia and Vicinity) Pension Fund and Health Benefit Fund; Ironworkers Local 451 Annuity Fund; Ironworkers Local Union No. 451; Building and Construction Trades Council of Delaware, AFL–CIO; Industry Advancement Fund of the Delaware Steel Contractors Association, Inc., Plaintiffs Below, Appellants,

v.

The AMERICAN INSURANCE COMPANY and Greggo & Ferrara, Inc., Defendants Below, Appellees.

Supreme Court of Delaware.

Submitted: Nov. 29, 1988.
Decided: April 18, 1989.

Harvey B. Rubenstein (argued), Wilmington, for appellants.

Donald E. Reid (argued), of Morris, Nichols, Arsht & Tunnell, Wilmington, for appellees.

Before HORSEY, MOORE, and WALSH, JJ.

HORSEY, Justice:

Plaintiffs, former employees of a subcontractor, All–Fab, Inc., and their union local and district council, brought this action against the prime contractor, Greggo and Ferrara, Inc., and its surety to recover certain benefits which the now-bankrupt subcontractor failed to pay them in breach of their collective bargaining agreement. The Superior Court granted summary judgment in defendants' favor. We affirm and hold (i) that 29 *Del.C.* § 6909(d) does not confer on employees of a subcontractor an unqualified right of action against a prime contractor or its surety in the absence of a contractual relationship between such employees and the prime; (ii) that the prime contractor's payment bond does not confer on the employees of the subcontractor a cause of action on the bond against the prime or surety in the absence of a contractual relationship between such employees and the prime; and (iii) that the lost fringe benefits which plaintiffs seek are not recoverable from the prime because they do not come within the definition of "wages" under Delaware's Wage Payment and Collection Act, 19 *Del.C.* § 1105.

\*     \*     \*

The State Department of Transportation awarded a public works contract to defendant Greggo & Ferrara, Inc. ("Greggo") to construct a pedestrian bridge on Route 896 in Newark, Delaware over the Amtrak railroad line. Greggo executed and submitted to the State a performance and payment bond pursuant to 29 *Del.C.* § 6909.[1] In order to perform its contract, Greggo subcontracted with All–Fab, Inc.

The individual plaintiffs are ironworkers and members of plaintiff Ironworkers Local Union No. 451. These plaintiffs were hired by All–Fab under its collective bargaining agreement with the union. This agreement, among other things, required All–Fab to make certain payments, including the following:

(a) $2.64 per hour worked per employee for welfare fund payable to Iron Workers District Council (Philadelphia and Vicinity) Pension Fund and Health Benefit Fund.

(b) $1.56 per hour worked per employee for pension fund payable to Iron Workers District Council (Philadelphia and Vicinity) Pension Fund and Health Benefit Fund.

(c) $2.00 per hour worked per employee for annuity fund payable to Iron Workers Local 451 Annuity Fund.

(d) $0.05 per hour worked per employee for apprenticeship fund payable to Iron Workers Local Union No. 451.

(e) $0.01 per hour worked per employee deducted from pay check for building trades fund payable to Iron Workers Local Union No. 451 on behalf of Building and Construction Trades Council of Delaware, AFL–CIO.

(f) $2.00 per day worked per employee deducted from paycheck for daily

---

**1.** Greggo's bonding company for the project was co-defendant, The American Insurance Company.

work assessment payable to plaintiff Iron Workers Local Union No. 451.

(g) $1.00 per week worked per employee deducted from paycheck for P.A.C. assessment payable to Iron Workers Union No. 451.

(h) $2.00 per hour worked per employee for Industry Advancement Fund of the Delaware Steel Contractors Association, Inc.

All–Fab paid to the individual claimants their straight time and overtime wages under the agreement; however, it failed to pay the amounts set out above to the various welfare, pension, annuity and apprenticeship funds. All–Fab was on the project for approximately two months when Greggo terminated its subcontract with All–Fab for nonperformance. All–Fab subsequently filed a petition for bankruptcy.

Thereafter, Iron Workers Local Union No. 451 received $632.50 on behalf of the individual plaintiffs upon the proof of the claim it had filed. The plaintiffs brought this suit against the prime contractor, Greggo, and surety to recover from them the remainder of their claims against All–Fab for fringe benefits amounting to approximately $9,200.00 allegedly due under its collective bargaining agreement with the union. On cross-motions for summary judgment, the Superior Court granted the defendants' motion but denied plaintiffs'.

Plaintiffs raise three issues in their appeal. First, plaintiffs argue that the bond which Greggo executed with co-defendants, The American Insurance Co., requires the defendants to pay the sums in question. Second, regardless of the language of the bond, plaintiffs argue that the defendants are liable for the payment of the fringe benefits under 29 *Del.C.* § 6909 of the Public Works Contracts Law. Finally, the plaintiffs argue that the prime contractor is liable because the unpaid sums constitute "wages" under the Delaware Wage Payment Act, 19 *Del.C.* § 1105. We address each of these issues in turn.

I

■ Appellants first argue that the defendants are obligated to pay the benefits under the language of the surety bond. The bond which the defendants executed provided in pertinent part that the obligation would be void if Greggo paid:

all and every person furnishing material or performing labor in and about the construction of said Public Works Contract all and every sum or sums of money due him, them or any of them, for all such labor and materials *for which [Greggo] is liable....*

(Emphasis added.) By its terms, then, the bond limits the liability of Greggo and its surety to laborers and materialmen to whom Greggo, the prime contractor, is contractually liable. Since there was no privity of contract between Greggo and the plaintiffs, it follows that Greggo and its surety are not liable for sums due plaintiffs under their collective bargaining agreement with All–Fab. *See Warner Company v. Shoonmaker*, Del.Ch., 174 A. 449, 451 (1934); *Board of Public Education v. Aetna Casualty & Surety Company*, Del. Super., 152 A. 600, 603 (1930).

II

■ Plaintiffs' second argument is that if the defendants are not liable under the language of the bond itself, then the bond is void under Delaware's Public Works Contracts statute, 29 *Del.C.* § 6909. Subsection (e) of that statute provides:

No person or surety, in any action brought under this section, or on the bond required by this section, shall assert as a defense to such action the claim that the bond given pursuant to this section contained a limitation or restriction not provided for by this section.

Plaintiffs assert that subsection (e) voids the bond in this case because the limitation on recovery set forth in the bond is more restrictive than section 6909(d), which provides in pertinent part:

Every person furnishing materials or performing labor *under the contract for which the successful bidder is liable* may maintain an action on the bond for his own use in the name of the State or

the contracting county in any court of competent jurisdiction for the recovery of such sum or sums as may be due such person from the successful bidder....

(Emphasis added.) Plaintiffs read the term "under the contract" to refer to the project as a whole, not to any contractual relationship between themselves and Greggo. *See State ex rel. Christopher v. Planet Ins. Co.*, Del.Super., 321 A.2d 128, 136 (1974). Plaintiffs reason that since All–Fab was liable under the collective bargaining agreement for the payments in question, Greggo and American are also liable because the collective bargaining agreement relates to "the project or work" in question.

Plaintiffs' argument misconstrues precedent of this Court and the Superior Court and accordingly must be rejected. The cause of action conferred by 29 *Del.C.* § 6909(d) is limited to persons furnishing materials or performing labor under contract with the prime contractor. Standing alone, section 6909 does not confer a cause of action on behalf of employees of a subcontractor against the prime or its surety in the absence of a contractual relationship between the parties. *See Board of Public Education v. Aetna Casualty & Surety Co.*, Del.Super., 152 A. 600, 603 (1930).

The general rule that a subcontractor's employees do not have a cause of action under section 6909 against the prime or its surety is limited by Delaware's Wage Payment and Collection Act. 19 *Del.C.* § 1105 provides:

> **§ 1105. Prime contractor's responsibility for wage payments.**
>
> Whenever any person shall contract with another for the performance of any work which the contracting person has undertaken to perform, he shall become civilly liable to employees engaged in the performance of work under such contract for the payment of wages, exclusive of liquidated damages, as required under this chapter, whenever and to the extent that the employer of such employees fails to pay such wages, and the

employer of such employees shall be liable to such person for any wages paid by him under this section.

Under this provision, then, a prime contractor is liable for the wages of employees of its subcontractors. Thus, unless the plaintiffs can prove that the benefits they lost are "wages" under section 1105, they cannot recover damages from Greggo or its surety. Accordingly, we turn to the plaintiffs' final contention that the benefits at issue in this case are indeed "wages."

### III

██ Plaintiffs argue that the sums due them constitute "regular direct recurrent compensation" because the standard mode of payment is based on a repetitive form of computations, i.e., per hour, per day, per week. *See Department of Labor ex rel. Commons v. Green Giant Co.*, Del.Super., 394 A.2d 753, 755 (1978). The term "wages" is defined in 19 *Del.C.* § 1101(a)(2) as "compensation for labor or services rendered by an employee, whether the amount is fixed or determined on a time, task, piece, commission or other basis of calculation." The term "wages" is to be distinguished from "benefits and wage supplements," which are defined in section 1109(b) as "compensation for employment other than wages, including, but not limited to, reimbursement for expenses, health, welfare or retirement benefits...." *See General Motors v. Local 435*, Del.Supr., 546 A.2d 974, 980 (1988). Generally, the use of the word "wages" in the statute corresponds with the word "pay." *Green Giant*, 394 A.2d 755.

We find that the fringe benefits in this case collectively constitute "health, welfare or retirement benefits" and thus are not wages. Accordingly, we dismiss the plaintiffs' contention.

In conclusion, we hold that under the specific terms of the surety bond issued by The American Insurance Company to Greggo, the defendants are not liable for the payments at issue in this case. Furthermore, Greggo and its surety are not liable

under 29 *Del.C.* § 6909 for the payments and neither are these payments wages under Delaware's Wage Payment and Collection Act, 19 *Del.C.* § 1105.

*      *      *

Affirmed.