## IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

MARK GIRARDOT, GERHARD R. )
WITTREICH, and PETER BUTLER, )
individually and on behalf of others )
similarly situated, )
)
       Plaintiffs, ) C.A. No. N17C-10-148 MMJ
)
      v. ) **JURY OF 12 DEMANDED**
)
THE CHEMOURS COMPANY, )
)
      Defendant. )

Submitted: February 27, 2018
Decided: March 26, 2018

## OPINION

Robert K. Beste, Esq., Jonathan Landesman, Esq. (Argued), Cohen Seglias Pallas Greenhall & Furman, P.C., Attorneys for Plaintiffs

Stephanie E. O'Byrne, Esq. (Argued), Kathleen Furey McDonough, Esq., Potter Anderson & Corroon LLP, Attorneys for Defendant The Chemours Company

**JOHNSTON, J.**

### FACTUAL AND PROCEDURAL CONTEXT

Mark Girardot, Gerhard Wittreich, Peter Butler, and the putative class (collectively, "Plaintiffs") bring this class action suit against their former employer, the Chemours Company. Plaintiffs claim that Chemours induced Plaintiffs to accept a severance package, which prevented Plaintiffs from accepting a superior severance package Chemours offered later. Plaintiffs allege five counts: fraud, breach of

covenant of good faith and fair dealing, promissory estoppel, unjust enrichment, and a violation of the Delaware Wage Payment and Collection Act ("DWPCA").

Chemours seeks dismissal only of the alleged DWPCA violation. Chemours argues this count should be dismissed on two alternative grounds. First, Chemours claims Plaintiffs seek reimbursement for a payment of severance, not wages, rendering the DWPCA inapplicable. Second, Chemours contends that even if the payments qualify as wages under the DWPCA, the claim is barred by the one-year statute of limitations for wage claims.

In response, Plaintiffs argue that the payments they seek are properly characterized as "wage supplements," which Plaintiffs may recover under the DWPCA. Additionally, Plaintiffs assert that their claim for "wage supplements" is not barred by the statute of limitations, because such a claim accrues 30 days after each payment is required to be made.

## MOTION TO DISMISS STANDARD

In a Rule 12(b)(6) motion to dismiss, the Court must determine whether the claimant "may recover under any reasonably conceivable set of circumstances susceptible of proof."[1] The Court must accept as true all well-pleaded allegations.[2]

---

[1] *Spence v. Funk*, 396 A.2d 967, 968 (Del.1978).
[2] *Id.*

2

Every reasonable factual inference will be drawn in the non-moving party's favor.[3] If the claimant may recover under that standard of review, the Court must deny the motion to dismiss.[4]

## ANALYSIS

### Separation Benefits Are Recoverable Under the DWPCA

The civil enforcement section of the DWPCA, Section 1113, allows employees "to recover unpaid wages and liquidated damages."[5] Section 1101 defines "wages" as "compensation for labor or services rendered by an employee, whether the amount is fixed or determined on a time, task, piece, commission or other basis of calculation."[6] Chemours argues that the severance Plaintiffs seek does not fit this definition because the severance was not compensation for services rendered, but only a benefit offered as a result of termination.

Although Section 1113 only mentions "wages," a close reading of the statute and related caselaw reveal that wages are not the only form of payment recoverable under the DWPCA. Section 1109 is an amendment to the original DWPCA.[7] Section 1109 requires employers who agree to provide "wage supplements to any

---

[3] *Wilmington Sav. Fund. Soc'v, F.S.B. v. Anderson*, 2009 WL 597268, at *2 (Del. Super.) (citing *Doe v. Cahill*, 884 A.2d 451, 458 (Del. 2005)).
[4] *Spence*, 396 A.2d at 968.
[5] 19 *Del. C.* § 1113(a).
[6] 19 *Del. C.* § 1101(a)(5).
[7] *See Dep't of Labor ex rel. Commons v. Green Giant Co.*, 394 A.2d 753, 756 (Del. Super. 1978) ("The section which now appears as 19 *Del. C.* § 1109 was not a part of the original statute.").

employee" to "furnish such supplements within 30 days after such payments are required to be made . . . ."[8] The Section goes on to define "wage supplements" as "compensation for employment other than wages, including, but not limited to . . . vacation, separation, or holiday pay . . . ."[9] Though Section 1109 created a requirement regarding the payment of wage supplements, it did not include a remedy provision for the violation of this requirement. Despite the addition of Section 1109, the DWPCA's remedy section, Section 1113, was not amended and continued to refer only to "wages."

In *Department of Labor ex rel. Commons v. Green Giant Company*,[10] the Delaware Superior Court addressed this incongruity. The Court in *Green Giant* considered whether the DWPCA allows for recovery of severance pay.[11] The Court first determined that the definition of "wages" in Section 1101 does not include severance pay. It concluded that the addition of Section 1109 to the statute did not alter Section 1101's definition.[12]

Crucially, however, this was not the end of the Court's analysis. It went on to determine whether the amended Section 1109 affected the definition of wages in the DWPCA's remedy section, Section 1113. Noting that Section 1109 would not

---

[8] 19 *Del. C.* § 1109(a).
[9] 19 *Del. C.* § 1109(b).
[10] 394 A.2d 753 (Del. Super. 1978).
[11] *Id.* at 754.
[12] *Id.* at 756.

4

otherwise have a remedy provision, the Court held that Section 1113 "is expanded by necessary implication to encompass the subject matter of the amendment."[13] Relying on this conclusion, the Court allowed the action—to recover severance pay—to proceed under the DWPCA.[14]

In this case, Chemours mistakenly relies only on *Green Giant*'s preliminary conclusion that Section 1101's definition of wages does not include severance pay, but ignores "the primary holding in the case"—that Section 1113 allows for recovery of severance pay. [15]

Chemours later acknowledges that *Green Giant* interpreted Section 1113 to allow for the recovery of wage supplements, but contends the Court should ignore it in favor of the Delaware Supreme Court's subsequent decision in *Nye v. University of Delaware*.[16] In *Nye*, a widow sought compensation for one year of paid leave an employer allegedly promised her husband. The Court allowed the case to proceed on a breach of contract theory, stating that it reached this decision even though "severance pay is not a 'wage' subject to collection under the Wage Payment and Collection Act."[17]

This statement, however, was not a part of the *Nye* Court's holding. If the

---

[13] *Id.*
[14] *Id.* at 758.
[15] *Manley v. Assocs. in Obstetrics and Gynecology, P.A.*, 2001 WL 946489, at *7 (Del. Super.).
[16] 2006 WL 250003, at *4 (Del.).
[17] *Id.*

Court had made the opposite observation—that severance pay *is* a wage under the DWPCA—such a note would not have disturbed its decision to allow the case to proceed under a breach of contract theory. Further diminishing the statement's authority is that its sole supporting citation, ironically enough, is to *Green Giant*. *Green Giant*, as discussed above, stands for a proposition contrary to its citation in *Nye*.[18] *Nye* does not address, much less overturn, *Green Giant*'s "primary holding."[19] Indeed, other courts after *Nye* have continued to find that benefits or wage supplements that fall outside the definition of "wages" may be recovered under the DWPCA.[20] The Court therefore finds *Nye*'s comment on the DWPCA is *dicta* with no binding precedential value.

This Court holds that severance pay is recoverable under the DWPCA. Plaintiffs seek "compensation for employment other than wages" under Section 1109(b) because they seek to recover the value of a "separation" benefit calculated by employees' years of service. Delaware common law allows Plaintiffs to pursue an action to recover this wage supplement under Section 1113.

---

[18] *Compare id.* at *4 n.16 (summarizing *Green Giant* in a parenthetical stating: "Wages does not include severance pay"), *with Green Giant*, 394 A.2d at 757–758 (concluding "that the Department of Labor can pursue an action for recovery of severance pay" under Section 1109 by way of the "expanded" Section 1113).

[19] *Manley*, 2001 WL 946489, at *7.

[20] *Nelson v. JARD Corp., Inc.*, 2013 WL 1092200, at *7 (citing *Manley*'s discussion of *Green Giant* in concluding that "Compensation for Plaintiff's vacation time need not fall under the definition of 'wages' to qualify under the Act.").

6

## The DWCPA Claim is Not Barred
## by the One-Year Statute of Limitations

Section 8111 of Title 10 of the Delaware Code states that any claim for wages for work "or any other benefits arising from such work" expires "1 year from the accruing of the cause of action on which such action is based."[21] This one-year statute of limitations applies to DWPCA claims.[22] Plaintiffs filed this action on October 11, 2017. Whether Plaintiffs' claim is barred depends on when the DWPCA claim accrued.

Chemours contends the claim is barred because it accrued on the date of separation. The Plaintiffs' employment with Chemours ended, at the latest, on March 31, 2016, more than one year before initiating the action. Chemours cites *SCOA Industries, Inc. v. Bracken*[23] in support of its argument. In *SCOA*, the Court found the time of discharge, not the end of the fiscal year, was the proper point of accrual for a claim for a year-end bonus.[24] The bonus constituted "wages" and the claim arose under Section 1103.[25]

The Court finds *SCOA* inapplicable in this case. Plaintiffs' claim is for a wage supplement under Section 1109, not for wages under Section 1103. Section 1109

---

[21] 10 *Del. C.* § 8111.
[22] *See Turner v. Diamond Shamrock Chemical Co.*, 1987 WL 17175, at *2 (Del. Super.) (applying Section 8111's one-year limitation period to a claim arising under Section 1108 of the DWPCA).
[23] 374 A.2d 263 (Del. 1977).
[24] *Id.* at 264.
[25] *Id.*

states that employers must pay wage supplements "within 30 days after such payments are required to be made . . . ."[26] This means, for example, that a cause of action for underpayments accrues 30 days after each payday.[27] When a severance agreement requires payments to be made at the time of termination, a Section 1109 claim accrues 30 days after the date of the termination.[28]

Plaintiffs are seeking compensation for a severance package announced on December 1, 2015 that would have paid out over a 12-month period. Had Plaintiffs been selected to participate in the package the same day it was announced, payments would have been "required to be made" as late as December 1, 2016. By the plain language of Section 1109, each claim accrued 30 days after each payment was required to be made. Some of these payments accrued as late as December 31, 2016. Plaintiffs brought their claim on October 11, 2017, within one year of the day that some of the payments were due. The Court holds that the DWPCA claims are not barred by the statute of limitations.

## CONCLUSION

The DWPCA allows for the recovery of severance pay as a "wage

---

[26] 19 *Del. C.* § 1109.

[27] *Roos v. Delaware Valley Radiology, P.A.*, 1989 WL 37157, at *6 (D. Del.) ("In light of Delaware's Wage Payment and Collection Act, plaintiff's causes of action for underpayments accrued, at the latest, 30 days after each payday.").

[28] *Green Giant*, 34 A.2d at 758 ("Assuming that the agreement required the payments to be made at the time of termination of employment, the payment time under § 1109 was thirty days thereafter.").

supplement." The claims are not time-barred because the relevant accrual date is 30 days after each severance payment was required to be made. Chemours' Motion to Dismiss is hereby **DENIED**.

**IT IS SO ORDERED.**

The Honorable Mary M. Johnston