240 A.2d 577 (1968)
Carl I. GOLDMAN, Plaintiff Below, Appellant,
v.
BRAUNSTEIN'S, INC., Defendant Below, Appellee.
Supreme Court of Delaware.
March 25, 1968.
Theodore F. Sandstrom, of Killoran & Van Brunt, Wilmington, for plaintiff below, appellant.
Charles K. Keil, of Bayard, Brill & Handelman, Wilmington, for defendant below, appellee.
WOLCOTT, C. J., CAREY, J., and DUFFY, Chancellor, sitting.
CAREY, Justice:
The plaintiff below, Carl I. Goldman, has appealed from an order granting summary judgment entered by the Superior Court in favor of Braunstein's, Inc., defendant below. The issue we must decide is: Is the limitation of time for starting a suit to recover damages for breach of an employment contract governed by T. 10 Del.C. § 8110 (one year) or by T. 10 Del.C. § 8106 (three years)?
The facts pertinent to the present dispute are these: By letter dated June 7, 1963, the *578 appellee confirmed an agreement with appellant whereby the latter was employed as manager of appellee's store at Price's Corner for a term of one year commencing June 10, 1963. His compensation was to be $12,000 per year, plus "a yearly bonus of 1% over a base figure of $1,000,000 in net sales" provided that the shortages do not exceed 1½%. The appellant performed his duties under this agreement until January 2, 1964, at which time he was discharged. On that date, he received his monthly pay check for the pay period ending January 31, 1964. He has received no further salary and has never been paid any bonus. On January 5, 1965, he filed this action for damages for future services not performed, charging that he was wrongfully discharged. The appellee thereafter moved for summary judgment based upon T. 10 Del.C. § 8110, which reads as follows:
"No action for recovery upon a claim for wages, salary, or overtime for work, labor or personal services performed, or for damages (actual, compensatory or punitive, liquidated or otherwise), or for interest or penalties resulting from the failure to pay any such claim, or for any other benefits arising from such work, labor or personal services performed or in connection with any such action, shall be brought after the expiration of 1 year from the accruing of the cause of action on which such action is based."
The Court below, in granting appellee's motion, held that the case is governed by the quoted section. We disagree.
In our opinion, the language of our Act restricts its application to claims arising out of services performed. It governs all claims for "wages, salary or overtime for work, labor or personal services performed, * * * damages, * * * interest or penalties resulting from the failure to pay any such claim, or * * * benefits arising from such work, labor or personal services performed". (Emphasis added). Clearly, the word "damages" in this section is not unlimited in its scope; it is confined, as are all the other types of claims mentioned, to those arising from services which have been performed. That view is not inconsistent with the statement (relied upon by the Court below) in Sorenson v. Overland Corp., 142 F.Supp. 354, that this statute "was intended to bar all claims arising out of the employer-employee relationship", for the reason that a claim arising out of that relationship would necessarily be one referable to the period during which the relationship existed, not after its termination.
The present claim does not arise from services performed, and is not a suit for the salary and bonus; it is based upon an alleged wrongful termination of the contract, and seeks damages therefor. Those damages may, or may not, be equal in amount to the salary and bonus which was never paid. If there be any recoverable loss, it arose upon or after termination of the employer-employee relationship. This distinction has been recognized in Delaware ever since this Court, in Ogden-Howard Co. v. Brand, 7 Boyce 482, 108 A. 277, 8 A.L.R. 334, refused to adopt the so-called "constructive service" doctrine. See also the later holding of the Superior Court in Banc in the same case. 1 W.W.Harr. 88, 111 A. 370.
We hold, therefore, that the period of limitations applicable to the present suit is not the one-year provision of § 8110, but is the three-year period of § 8106 which covers actions "based on a promise", inter alia. That conclusion eliminates the need for us to consider other arguments advanced as to the date on which this cause of action accrued.
The judgment below will be reversed and the record remanded for further proceedings.