**Evert BROWN, Plaintiff,**

**v.**

**COLONIAL CHEVROLET COMPANY, a corporation of the State of Delaware, and Frederick W. Schermerhorn, individually, Defendants.**

Superior Court of Delaware,
New Castle.

Dec. 26, 1968.

William H. Uffelman, Jr. (of Theisen & Lank), Wilmington, for plaintiff.

Charles K. Keil and William G. Campbell (of Bayard, Brill & Handelman), Wilmington, for defendants.

STIFTEL, President Judge.

From March 1, 1965 until December 13, 1965, plaintiff was employed as Parts Manager of defendant Colonial Chevrolet, the president of which was defendant Schermerhorn. Plaintiff's compensation was to be $500 a month, plus a monthly bonus of one-half per cent of the wholesale and counter parts sales and a year-end incentive bonus of one-half per cent of such parts sales.

On December 13, 1965, plaintiff's employment was terminated. Plaintiff admits payment of the base salary and monthly bonuses through December. His claim is for the unpaid year-end bonus.

Both defendants have moved for summary judgment on grounds that the present action is barred by a one-year statute of limitations governing actions "upon a claim for wages, salary, or overtime for work, labor or personal services performed." 10 Del.C. § 8110.

In addition, defendant Schermerhorn has moved to dismiss the complaint under Civil Rule 12(b) (6), Del.C.Ann. on grounds that it fails to state a claim against him individually upon which relief can be granted.

Plaintiff defends against the summary judgment motion by arguing that a three-year statute of limitations for actions "based upon a promise" governs this case rather than the one-year statute raised by defendants. 10 Del.C. § 8106. Plaintiff alleges that he was promised by Schermerhorn that he would be paid incentive pay for remaining on the job at the end of each year. It is plaintiff's contention that the cause of action is based on a promise made to him by Schermerhorn, to the effect that if he would continue in the employ of defendant he would receive certain payments.

The operations of the one-year statute and the three-year statute were discussed

in Goldman v. Braunstein's Inc., Del., 240 A.2d 577 (1968). There appellant was employed for a year at a fixed salary, plus a bonus based on a percentage of annual net sales. He was discharged after working six months and filed an action for damages for "future services not performed", claiming that he was wrongfully discharged. The Court found the action governed by the three-year statute of limitations and emphasized that the one-year statute applied to claims arising out of work or services already performed.

No doubt most employment relationships, even if fully executed on the part of the employee, are originally undertaken on the strength of some sort of promise. What then is the distinction between actions based on work performed and actions based on a promise? The distinction which the *Goldman* case sets forth is this:

The one-year statute applies to claims based on work or services that have been completed, even though the work may have originally been undertaken on the strength of a promise. Since the services have been completed, the action is based upon the service performed rather than on the original promise. The three-year statute applies to claims based on work or services not yet completed as to which a promise has been made. Since the work remains uncompleted, an action with respect to such work is necessarily based upon the underlying promise.

■ Here plaintiff was promised a certain bonus for remaining on the job at the end of the year. Had plaintiff remained in the employ of Colonial through December 31 and completed the services for which the bonus was to have been paid, a claim for the bonus would be based on work performed and governed by the one-year statute. However, as in *Goldman,* the employment was terminated before the services, in return for which compensation was promised, could be completed. Regardless of the reason for the termination, plaintiff's claim is based on services *to be performed*—namely, remaining in Colonial's employ until year's end—rather than on services actually and fully performed. Since the services upon which the bonus claim is based had not been completed, the action is founded upon the promise of a year-end incentive bonus and is governed by the three-year statute of limitations.

Defendants' argument that the one-half per cent year-end bonus was actually earned by plaintiff for each and every month he worked fails to convince, particularly in view of Schermerhorn's own assertion that no bonus was due unless and until plaintiff remained with Colonial until year's end. The suit here is for what *would have been earned* had the employment continued rather than for something already earned.

Since the claim is based upon a promise within the meaning of 10 Del.C. § 8106, the suit was timely filed and defendants' motion for summary judgment is denied.

There remains to be considered defendant Schermerhorn's motion to dismiss the complaint for failure to state a claim against him upon which relief may be granted. Civil Rule 12(b) (6).

■ As a general rule, so far as personal liability on corporate contracts is concerned, officers of corporations are in the same position as agents of private individuals and are not liable on corporate contracts as long as they do not act and purport to bind themselves individually. See 19 Am.Jur.2d, "Corporations", § 1341 (1965).

■ In a motion to dismiss under Civil Rule 12(b) (6), matters outside the pleadings such as affidavits and depositions may be considered and the motion treated as one for summary judgment. In depositions Schermerhorn asserted, and plaintiff herself admitted, that Schermerhorn acted at all

times in his capacity as president of Colonial Chevrolet and not individually.

Since it is undisputed that Schermerhorn acted on behalf of Colonial and did not purport to bind himself individually, and that one who so acts is not personally liable, summary judgment must be entered in favor of Schermerhorn.

It is so ordered.