Mary Jeanne SHULTZ, Plaintiff,

v.

**DELAWARE TRUST COMPANY, a Dela-
ware Corporation, et ai., Defendants.**

Superior Court of Delaware,
New Castle County.

Submitted Feb. 20, 1976.

Decided June 28, 1976.

James F. Kipp and Robert K. Pearce, of Trzuskowski & Kipp, Wilmington, for plaintiff.

Richard E. Poole and Daniel F. Lindley, of Potter, Anderson & Corroon, Wilmington, for defendant Delaware Trust Co.

LONGOBARDI, Justice.

On July 24, 1970, the Plaintiff Mary Jeanne Shultz and her husband, Edward Z. Shultz, now deceased, entered into a written agreement with the Defendant Hoopes and Sudduth Associates, Inc. (hereinafter "the Corporation") through its agents, Linnaeus L. Hoopes, Jr. and William A. Sudduth, Jr. The Plaintiff and her husband agreed to pledge 1,000 shares of jointly owned Delmarva Power and Light Company stock as collateral for a loan to the Corporation. In return, Plaintiff and her husband were to receive $500.00 from the Corporation.

Thereafter, Mr. and Mrs. Shultz signed a pledge agreement in blank pledging their 1,000 shares of stock to Defendant Delaware Trust Company (hereinafter "Delaware Trust") as collateral to secure a $17,500.00 loan from the bank to the Corporation. The Corporation failed to repay the loan to Defendant Delaware Trust when due. Accordingly, Delaware Trust entered a judgment on record against the Corporation on April 7, 1971. Defendant Delaware Trust has never attempted to execute on the judgment; instead, it has attempted to obtain repayment of the loan through extensions granted the Corporation. As yet, the loan has not been repaid and Plaintiff's 1,000 shares of Delmarva Power and Light Company stock have been retained by Delaware Trust.

■ In her complaint, Plaintiff alleges that Delaware Trust breached its obligations to her by its actions in: (1) Extending the time for repayment of the loan without notifying Plaintiff or her husband; (2) Retaining their stock as collateral for the loan after default by the Corporation without notice to Plaintiff as required by 6 Del.C. 9–112(b) and 9–505(2); and (3) Failing to execute on the judgment against the property of the Corporation. In response, Delaware Trust asserts that Plaintiff has failed to state a claim upon which relief may be granted and moves to dismiss the case pursuant to *Superior Court Civil Rule 12(b)*. In view of the fact that Delaware Trust has offered affidavits and depositions in addition to the pleadings, its motion must be considered a motion for summary judgment. *Brown v. Colonial Chevrolet Company*, Del.Super., 249 A.2d 439, 441–442 (1968). As such, the facts must be read in a light favorable to the non-moving party. *Oliver B. Cannon & Sons, Inc. v. Dorr-Oliver, Inc.*, Del.Super., 312 A.2d 322, 325 (1973); aff'd Del.Supr., 336 A.2d 211 (1975).

■ It is Plaintiff's contention that Delaware Trust was under a legal obligation to notify her or her husband of the extensions of time for payment of the loan. The agreement between Plaintiff and the Corporation, however, authorized the Corporation to make any agreement with Delaware Trust with regard to the use of the collateral by the bank. The pledge agreement specifically provided:

". . . so long as said securities may remain in the custody of said company, I expressly ratify and agree in advance to any and all agreements which said [bank] may make with the company regarding the use of said collateral."

Although there is no specific provision in the pledge agreement authorizing the extension of the loan, it is clear that the securing of a loan extension is a "use" of the collateral within the terms of the pledge agreement to which Plaintiffs gave their assent. There is no justification in the record to interpret the word "use" to refer only to a disposition of the collateral. Thus, since the loan extension had already been agreed to by the Plaintiffs, Delaware Trust was under no requirement to provide them with notice of the initial extension.

■ Plaintiff also argues that Delaware Trust was aware of the terms of the agreement between Plaintiff and the Corporation and is thus bound by the 90 day term of the agreement and precluded from extending the loan. It is uncontroverted, however, that Delaware Trust was not a party to the agreement and did not assent to the agreement. Thus, regardless of any knowledge it may have had of the terms of the agreement, Delaware Trust is not bound by the agreement. 17 *Am.Jur.2d*, Contracts, Section 294. Plaintiffs clearly assented to the right of the Corporation to make any agreement with the bank regarding the "use" of the collateral by the bank and, as noted earlier, the loan extension was such a "use."

■ Although Delaware Trust violated no notice requirements in its initial extension of the loan, the retention of the collateral for a period of time in excess of five years raises the question of whether Delaware Trust is, in fact, retaining the collateral in satisfaction of the obligation despite its protestations to the contrary. There must be a reasonable limit to the length of time a secured party is permitted to hold collateral before it is deemed to have exercised its right to retain that collateral in satisfaction of the obligation. The determination of this question is for the trier of fact. *Jones v. Morgan*, 58 Mich.App. 455, 228 N.W.2d 419, 16 U.C.C.Rep. 1450 (1975). Also at issue is whether in fact Delaware Trust knew that the 1,000 shares of stock belonged to a party other than its debtor.

■ A favorable disposition of these two factual issues would entitle Plaintiff to

recover damages under 6 Del.C. 9–507 against Delaware Trust for its violation of the notice guarantees of Del.C. 9–112(b) and 9–505(2). These notice guarantees may not be waived. 6 Del.C. 9–501(3)(c). At any rate, Delaware Trust's motion for summary judgment must be denied. Summary judgment may be granted only where, considering the facts in a light most favorable to the non-moving party, there is no material issue of fact. *Pullman, Incorporated v. Phoenix Steel Corporation*, Del. Super., 304 A.2d 334, 335 (1973).

Delaware Trust's summary judgment motion is appropriate, however, with regard to Plaintiff's allegation of breach of fiduciary duty in failing to execute on the judgment against the Corporation. The Uniform Commercial Code, as adopted in Title 6 of the Delaware Code, provides that every contract or duty within the scope of the Code imposes an obligation of good faith in its performance or enforcement. 6 Del.C. 1–203. "Good faith" is defined in 6 Del.C. 1–201(19) to mean "honesty in fact in the conduct or transaction concerned." There is simply no language in the Code to justify the imposition of a fiduciary duty upon Delaware Trust. In the absence of any allegation by Plaintiff of dishonesty in fact on the part of Delaware Trust in its dealing with Plaintiff, there is no basis for a claim of breach of duty.

Furthermore, 6 Del.C. 9–501(1) provides that upon a default, the secured party's remedies are cumulative. A secured party is not required to elect one remedy to the exclusion of another. *In Re Adrian Research and Chemical Co.*, 269 F. 2d 734 (3rd Cir., 1959). In fact, the secured party is permitted to pursue alternative remedies until the obligation is satisfied. *Foster v. Knutson*, 10 Wash.App. 175, 527 P.2d 1108, 15 *U.C.C.Rep.* 1127 (1974). Thus, Delaware Trust's decision not to execute upon the judgment it held against the Corporation was within its statutory prerogatives and clearly does not constitute a breach of duty owed to Plaintiff.

Delaware Trust's motion for summary judgment is denied with regard to Plaintiff's claim that Delaware Trust has retained the 1,000 shares of stock in satisfaction of the Corporation's obligation without notice to Plaintiff as required by 6 Del.C. 9–112(b) and 9–505(2); Delaware Trust's motion for summary judgment is granted on all other grounds advanced in Plaintiff's complaint.

IT IS SO ORDERED.