James SCHROEDER, on behalf of himself and as a representative of the class herein defined, Appellant,

v.

PHILLIPS PETROLEUM COMPANY, Appellee.

No. 92–1008.

United States Court of Appeals, Eighth Circuit.

Submitted May 15, 1992.

Decided May 29, 1992.

Publication Ordered July 21, 1992.

Thom K. Cope, Lincoln, Neb., for appellant.

David R. Wilson, Lincoln, Neb., for appellee.

Before McMILLIAN, WOLLMAN, and LOKEN, Circuit Judges.

PER CURIAM.

James Schroeder, on behalf of himself and as representative of the class comprised of former employees of Phillips Petroleum Company subsidiaries (hereinafter "plaintiffs"), appeals the district court's orders denying his objection to the removal of the case to federal court and granting defendant's motion to dismiss the claim as time-barred. We affirm in part and reverse in part.

■ Removal to federal court was proper in this case because plaintiffs' common law contract claim alleging failure to pay severance benefits is pre-empted by ERISA. *See Hamilton v. Air Jamaica,* *Ltd.,* 945 F.2d 74, 76–77 (3d Cir.1991) (employee handbook containing severance pay provision constituted ERISA plan), *cert. denied,* —— U.S. ——, 112 S.Ct. 1479, 117 L.Ed.2d 622 (1992); *Pilot Life Ins. Co. v. Dedeaux,* 481 U.S. 41, 107 S.Ct. 1549, 95 L.Ed.2d 39 (1987) (common law contract claim alleging improper processing of benefit claim under employee benefit plan preempted by ERISA); *Metropolitan Life Ins. Co. v. Taylor,* 481 U.S. 58, 107 S.Ct. 1542, 95 L.Ed.2d 55 (1987) (common law causes of action filed in state court that are preempted by ERISA are properly removable to federal court). Thus, we affirm the district court's order denying plaintiffs' objection to the removal of the case to federal court.

■ In determining that plaintiffs' action was time-barred, the district court applied Nebraska's three-year statute of limitations for "[a]ctions upon a liability created by federal statute" for which no period of limitations is provided. Neb.Rev. Stat. § 25–219 (Reissue 1989). Because ERISA does not contain a statute of limitations applicable to actions for recovery of benefits under a regulated plan, the district court must "look to [state] law for the most analogous statute of limitations, but ... the characterization of plaintiff's claim for statute of limitations purposes is a question of federal law." *Johnson v. State Mut. Life Assur. Co. of America,* 942 F.2d 1260, 1262 (8th Cir.1991) (en banc). In *Johnson,* we held that "a suit for ERISA benefits under § 1132(a)(1)(B) should be characterized as a contract action for statute of limitations purposes, unless a breach of the ERISA trustee's fiduciary duties is alleged." *Id.* at 1263. Plaintiffs did not allege a breach of the trustee's fiduciary duties in this instance. Therefore, under federal law, the action is characterized as a contract action, and we conclude that the most analogous statute of limitations under Nebraska law is the five-year statute of limitations for actions on written contracts. *See* Neb.Rev.Stat. § 25–205 (Reissue 1989).

Applying the five-year statute of limitations, plaintiffs' claim was timely filed in December 1989. The district court correctly determined that plaintiffs' cause of action accrued no later than February 28, 1986. Under the five-year statute of limi-

tations, plaintiffs had until February 1991 to file this action.

We reverse the district court's order dismissing plaintiffs' claim as time-barred, and we remand this case to the district court for further proceedings.