78 F.3d 586
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Eugene W. INGRAM, Plaintiff-Appellant,
v.
The TRAVELERS INSURANCE COMPANY, Defendant-Appellee.
 No. 95-2185.
 United States Court of Appeals, Seventh Circuit.
 Argued Jan. 3, 1996.
Decided Jan. 19, 1996.
 
 Before POSNER, Chief Judge and CUMMINGS and EASTERBROOK, Circuit Judges.
 
 ORDER
 
 1
 Plaintiff Eugene W. Ingram was injured on his job on September 26, 1976. He applied for disability benefits under an insurance policy issued by defendant The Travelers Insurance Company and his claim was denied in May 1978. On October 19, 1993, he filed this suit in Cass County, Indiana, Circuit Court, and the action was removed by defendant to the district court for the Northern District of Indiana because it was governed by the Employee Retirement Income Security Act of 1974 (29 U.S.C. § 1001 et seq.) ("ERISA"). The parties agree that plaintiff's claim is governed exclusively by ERISA.
 
 
 2
 In August 1994 defendant filed a motion for summary judgment based in part on the following three-year period contained in the benefit plan:
 
 
 3
 No action at law or equity shall be brought to recover on the group policy prior to the expiration of Sixty days after proof of loss has been filed in accordance with the requirements of the policy, nor shall such action be brought at all unless brought within Three years from the expiration of the time within which proof of loss is required by the policy.
 
 
 4
 The benefit plan also provided that a participant in the plan must file written notice of total and permanent disability within twelve months after the commencement of total and permanent disability. In April 1995 summary judgment was granted in favor of defendant pursuant to a Memorandum and Order of District Judge Miller. The Memorandum and Order show that plaintiff was injured in September 1976 and defendant acknowledged receipt of Mr. Ingram's claim for benefits in May 1977.
 
 
 5
 In July 1978 David DeCelles, a senior claim analyst of defendant, wrote plaintiff's then attorney and mentioned that plaintiff's claim for permanent total disability income benefits had been disallowed. DeCelles testified that when he wrote Ingram's attorney in July 1978, Ingram's claim had already been denied. Penelope Nash, a representative of defendant, testified from notations in defendant's computer database that plaintiff's claim was denied in May 1978.
 
 
 6
 In January 1992 plaintiff's same lawyer wrote defendant requesting payment of the disability benefits claimed by plaintiff, and in March 1993 his new lawyer asked for resolution of the claim. The following month defendant replied that the claim had been abandoned "back in 1978" because Travelers had requested additional medical information that was never received, causing the claim to be closed in 1978. This resulted in the present lawsuit.
 
 
 7
 As the district judge observed, ERISA does not contain a statute of limitations so that the appropriate state statute of limitations applies, citing Lumpkin v. Envirodyne Indus., Inc., 933 F.2d 449, 465 (7th Cir.1991), certiorari denied, 502 U.S. 939. Here the three-year limitations period provided in the benefit plan is controlling because it was required to be included in group disability insurance policies by Indiana and Illinois state insurance laws. In addition, the plan itself provided a deadline of twelve months for filing a proof of loss. Since plaintiff's date of disability was September 26, 1976, the plan provided that his proof of loss be filed by September 26, 1977, and that any suit was to be filed by September 26, 1980. Since this suit was not filed until October 19, 1993, it is obviously untimely.
 
 
 8
 This employee welfare benefit plan provided that it is governed by Illinois law. As seen, Illinois law provides that a three-year limitations period be included in all health and accident insurance policies. Consequently, plaintiff's claim accrued at the expiration of the time within which proof of loss was required by the policy, namely, twelve months after the disability, and suit had to be brought within three years of the onset of the disability. Since plaintiff had at most four years to file this suit, plaintiff had to file his suit on or before September 26, 1980. Consequently, the district court was correct in granting defendant's summary judgment motion.