# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

No. 97-3650

_____

| | |
|---|---|
| Bobbie J. Duchek, | * |
| | * |
| Plaintiff - Appellant, | * |
| | * |
| v. | * Appeal from the United States |
| | * District Court for the |
| Blue Cross and Blue Shield of | * District of Nebraska. |
| Nebraska; Health and Management | * |
| Strategies International, Inc., | * |
| | * |
| Defendants - Appellees. | * |

_____

Submitted: April 16, 1998

Filed: August 14, 1998

_____

Before RICHARD S. ARNOLD,[*] Chief Judge, LOKEN, Circuit Judge, and PRATT,[**] District Judge.

_____

LOKEN, Circuit Judge.

_____

[*]The Honorable Richard S. Arnold stepped down as Chief Judge at the close of business on April 17, 1998, succeeded by the Honorable Pasco M. Bowman, II.

[**]The Honorable Robert W. Pratt, United States District Judge for the Southern District of Iowa, sitting by designation.

Bobbie Duchek appeals the district court's[1] grant of summary judgment dismissing as time-barred his claim for medical benefits under a health insurance policy issued and administered by Blue Cross and Blue Shield of Nebraska and Health and Management Strategies, International (collectively, "Blue Cross"). We affirm.

Duchek received inpatient hospital care for alcoholism from September 27 to October 24, 1991. He submitted a claim for medical expenses under his wife's employee welfare benefit plan (the "Plan"). Blue Cross denied a portion of the claim as not medically necessary. Duchek filed this damage action in state court in September 1996. Defendants properly removed because Duchek's claim is governed exclusively by ERISA. See 29 U.S.C. § 1132(a)(1)(B); Pilot Life Ins. Co. v. Dedeaux, 481 U.S. 41, 52 (1987). The district court dismissed the claim as time-barred by the Plan provision requiring that an action challenging a claim denial be filed within "three (3) years from the date written proof of loss is required." Duchek appeals, arguing this provision is unenforceable under the governing Nebraska statutes of limitations.

Because ERISA has no statute of limitations for actions to recover plan benefits, we borrow the most analogous state statute of limitations. See Johnson v. State Mut. Life Assurance Co. of Am., 942 F.2d 1260, 1262-63 (8th Cir. 1991) (en banc). In Nebraska, that is usually the five-year statute of limitations for breach of written contracts, Neb. Rev. Stat. § 25-205(1). See Union Pac. R.R. v. Beckham, 138 F.3d 325, 330 (8th Cir.), petition for cert. filed, 66 U.S.L.W. 3783 (U.S. May 27, 1998) (No. 97-1919); Schroeder v. Phillips Petroleum Co., 970 F.2d 419, 420 (8th Cir. 1992). Duchek's suit would presumably be timely under that statute. Blue Cross relies on the Plan's shorter contractual limitation. Duchek argues that provision is unenforceable under the Nebraska insurance statute that bars policy provisions "limiting the time within which an action may be brought to less than the regular period of time

---

[1]The Honorable William G. Cambridge, Chief Judge of the United States District Court for the District of Nebraska.

prescribed by the statutes of limitations of this state." Neb. Rev. Stat. § 44-357, enforced in Wulf v. Farm Bureau Ins. Co., 205 N.W.2d 640 (Neb. 1973). The district court concluded, and Blue Cross argues on appeal, that we should not borrow § 44-357 in ERISA cases. Instead, we should apply the general contract law principle that contractual limitation provisions are enforceable if the limitation period is reasonable. Two ERISA cases have adopted that general principle, instead of borrowing a state statute similar to § 44-357. See Doe v. Blue Cross & Blue Shield United, 112 F.3d 869 (7th Cir. 1997); Chilcote v. Blue Cross & Blue Shield United, 841 F. Supp. 877, 880 (E.D. Wis. 1993). Duchek, on the other hand, argues that Doe and Chilcote were wrongly decided and in any event conflict with the settled law of this Circuit that we must borrow the most analogous state statute of limitations.

We conclude that we need not decide the general issue debated by the parties because they have overlooked a controlling Nebraska statute. The Plan in question is a group sickness and accident insurance policy governed by Chapter 44 of the Nebraska Statutes. See Neb. Rev. Stat. § 44-760. An individual sickness and accident policy *must* contain a provision prohibiting legal actions "after the expiration of three years after the time written proof of loss is required to be furnished." See Neb. Rev. Stat. § 44-710.03(11). A group policy *may* contain such a contractual limitation period if it is not "less favorable to the insured than would be permitted" under § 44-710.03(11). Neb. Rev. Stat. § 44-767. The Plan's contractual limitation is precisely that authorized in § 44-710.03(11); therefore, it is expressly permitted by § 44-767. This contractual limitation is not prohibited by § 44-357 because that statute does not apply if the contractual limitation is "otherwise prescribed *by this chapter*," in other words, by another section of the Nebraska insurance laws.

Although the contractual limitation authorized by § 44-767 is permissive, rather than mandatory, § 44-767 is clearly the most analogous state statute addressing the limitations issue in this case. See Nikaido v. Centennial Life Ins. Co., 42 F.3d 557, 559 (9th Cir. 1994). Other ERISA courts have routinely enforced contractual limitation

-3-

provisions expressly authorized by state law. See Moore v. Berg Enter., Inc., __ F. Supp.2d __, 1998 WL 208869 at *3 (D. Utah 1998); Ingram v. Travelers Ins. Co., 897 F. Supp. 1160, 1166 (N.D. Ind. 1995), aff'd, 78 F.3d 586 (7th Cir. 1996) (table); Lugo v. AIG Life Ins. Co., 852 F. Supp. 187, 195 (S.D.N.Y. 1994). It would be anomalous to characterize this suit as a contract action and then borrow Nebraska's generic contract statute of limitations rather than the specific section of the Nebraska insurance laws permitting the contractual limitation in question. We hold that the Plan's three-year limitations provision is valid under the Nebraska insurance statute that we must borrow as most analogous under ERISA. Therefore, this Plan provision bars Duchek's ERISA claim.[2] We leave for another day the question whether a contractual limitation that is contrary to a state statute such as § 44-357 is nonetheless enforceable under ERISA.

The judgment of the district court is affirmed.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.

---

[2]Alternatively, Duchek argues that under Fed. R. Civ. P. 8(c) Blue Cross waived the affirmative defense of a contractual limitations bar by pleading only that "Plaintiff's Petition is barred by the applicable Statute of Limitations." This contention is foreclosed by our decision in Financial Timing Publications, Inc. v. Compugraphic Corp., 893 F.2d 936, 944 n.9 (8th Cir. 1990).