**James J. COMPASS, Plaintiff,**

v.

**AMERICAN MIRREX CORPORATION and Leonard H. York, Defendants.**

**No. CIV. A. 98–471–RRM.**

United States District Court, D. Delaware.

Oct. 27, 1999.

R. Bruce McNew, Taylor & McNew LLP, Wilmington, DE, for plaintiff.

Richard D. Allen, Morris, Nichols, Arsht & Tunnell, Wilmington, DE, Robert L. Sills, Jonathan S. Klarfeld, Reboul, Mac-Murray, Hewitt, Maynard & Kristol, New York, NY, for defendants.

## OPINION

McKELVIE, District Judge.

This is a contract case. Plaintiff James J. Compass is a resident of Louisiana who served as Chairman, President and Chief Executive Officer of defendant American Mirrex Corporation. American Mirrex is a Delaware corporation with its principal place of business in New Castle, Delaware. Defendant Leonard H. York, a resident of North Carolina, was President and CEO of American Mirrex following Compass's tenure.

Compass filed this action on August 10, 1998, alleging that defendants failed to pay him an incentive bonus that was required under the terms of the employment agreement between the parties. Compass alleges violations of the Delaware Wage Payment and Collection Act, 19 Del. C.

§§ 1101–1115, and common law breach of contract.

On June 23, 1999, defendants moved for summary judgment contending that all of the claims asserted by Compass are barred by the one year statute of limitations for actions based on work, labor, or personal services, 10 Del. C. § 8111. Defendants also moved for summary judgment on the Wage Act claims, contending that the Wage Act does not cover the incentive bonus at issue. On August 13, 1999, Compass filed a cross motion for summary judgment. Compass argues that his claims are subject to the three year limitations period under 10 Del. C. § 8106 and that the Wage Act covers his claim for an incentive bonus.

This is the court's decision on the motions.

## I. FACTS AND PROCEDURAL BACKGROUND

The court draws the following facts from the affidavits and documents submitted by the parties.

On August 28, 1995, American Mirrex hired Compass to serve as the company's President and CEO pursuant to a written employment agreement. The employment agreement provides that Compass shall receive an annual salary of $225,000, standard company benefits and an annual bonus in an amount up to 65% of his annual salary.

The agreement also provides for a one-time "enterprise appreciation bonus," to further compensate Compass in the event that the company is sold or acquired for more than $10 million. American Mirrex and Compass anticipated that the enterprise appreciation bonus would eventually be replaced with stock options when the company's financial situation improved.

In May 1996, at the direction of the board of directors of American Mirrex, Compass hired an investment banking firm to seek a buyer for the company. By early August, Compass had communicated with potential buyers.

Then on August 8, 1996, less than one year after Compass was hired, the board of directors of American Mirrex terminated his employment without cause pursuant to section 4(a) of the employment agreement. As a result of such termination, section 12(d)(i) of the agreement provides that Compass shall receive compensation in lieu of the full enterprise appreciation bonus that he would otherwise have been entitled to receive. Section 12(d)(i) provides:

(d) In the event that the employment of the Employee is terminated under this Agreement pursuant to paragraph 4(a) hereof other than for cause, the Employee shall thereafter be paid, at the option of the Company:

(i) a percentage (the "Applicable Percentage") of the Enterprise Appreciation Bonus that would have been payable hereunder notwithstanding such termination, or

(ii) the Settlement Amount.

The Applicable Percentage shall equal 20% as of the date hereof and shall be increased monthly, so long as the Employee is employed by the Company, at an annualized rate of 20% per year during the four year period from the date hereof.... Any amounts payable pursuant to clause (i) hereof shall be paid at the times and in the manner contemplated by paragraph 12(c) above.

.     .     .     .     .

In a letter to Compass dated August 12, 1996, American Mirrex notified Compass of its election to pay Compass the "applicable percentage" of the enterprise appreciation bonus that he would otherwise have been entitled to receive. Section 12(c) of the agreement provides that in a "Change of Control Transaction," the enterprise appreciation bonus is due "on the date of the consummation of the Change of Control Transaction."

In December, 1996, American Mirrex accepted the preliminary offer of Vinyl Plastics, Inc. ("VPI") to acquire the company for $43,000,000. A merger agreement was executed on February 12, 1997. During the course of due diligence, environmental problems were discovered. After further negotiations, the parties agreed to reduce the purchase price to $39,500,000. The merger closed on March 14, 1997.

Based on the $39.5 million purchase price, VPI Mirrex, the merged entity, calculated that Compass was entitled to an enterprise appreciation bonus of $210,738. In a letter to Compass dated April 9, 1997, Michael Lappin, counsel for VPI, wrote "[i]f you agree with the calculation of your Bonus, please sign the attached release and return it to me. Upon receipt of the release, VPI will promptly forward the $210,738 portion of your Bonus (less any required withholding taxes) to you."

Compass did not sign the release. Instead, he responded that the calculation of his bonus was incorrect for a number of reasons. For example, Compass argued that his bonus should have been calculated based on the $43 million sale price, not the $39.5 million sale price. Although Lappin disagreed on this point, he conceded that the calculation was incorrect for other reasons and he agreed to recalculate the bonus.

On August 29, 1997, Lappin sent Compass a revised calculation that showed his bonus to be $286,364. After Compass received the revision, he again responded that the calculation was incorrect. In an effort to resolve the issue, on October 10, 1997, American Mirrex sent Compass a check for $189,348.77, representing net proceeds, after taxes, on a bonus of $297,307. The letter accompanying the check stated that cashing the check would constitute a release by Compass of all claims against American Mirrex. Compass did not cash the check.

Compass filed a complaint in this court on August 10, 1998. Count I of the complaint alleges that American Mirrex violated section 1104(a) of the Wage Act by failing to "pay without condition and within the time set by this chapter all wages or parts thereof conceded by the employer to be due...." Count II alleges that American Mirrex breached the employment agreement by wrongfully terminating Compass and failing to pay him the required bonus. Count III seeks liquidated damages under section 1103(b) of the Wage Act. Count IV alleges that York violated section 1103(b) of the Wage Act through his management of American Mirrex. Finally, count V seeks attorney's fees pursuant to section 1113(c) of the Wage Act.

On June 23, 1999, defendants moved for summary judgment on two grounds. First, defendants contend that all of the claims asserted by Compass are barred by the one year statute of limitations for actions based on work, labor or personal services, 10 Del. C. § 8111. Second, defendants allege that the Wage Act claims are defective because the act's definition of "wages" does not cover Compass's incentive bonus.

On August 13, 1999, Compass filed a cross motion for summary judgment. Compass argues that his claims for are subject to the three year limitations period of 10 Del. C. § 8106. Even if a one year limitations period applies, however, Compass contends that his claims are not barred because they did not accrue until October 10, 1997, when American Mirrex tendered the check for $189,348.77. Furthermore, Compass argues that the Wage Act claims are not defective because the statute covers the incentive bonus at issue.

II.  *DISCUSSION*

Summary judgment is appropriate when the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and the moving party is entitled to

judgment as a matter of law." Fed. R.Civ.P. 56. The Supreme Court has stated:

> [T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.

*Celotex v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The moving party bears the initial burden of demonstrating the absence of material issues of fact. *Id.* at 323, 106 S.Ct. 2548. When deciding a motion for summary judgment, the court views the facts, and all permissible inferences from those facts, in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587–88, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). Where the record could not lead a reasonable jury to find for the non-moving party, disposition by summary judgment is appropriate. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248–49, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

### A. *Are Plaintiff's Claims Barred By the Statute of Limitations?*

At the outset, the court must decide whether Compass's claims are subject to the one year limitations period in 10 Del. C. § 8111, or the three year limitations period in 10 Del. C. § 8106. Next, the court must ascertain when the claims accrued in order to determine if the claims are barred by the applicable statute of limitations.

### 1. *Which statute of limitations governs plaintiff's claims?*

Defendants contend that all of the claims asserted by Compass fall under Delaware's one year statute of limitations for work, labor or personal services, 10 Del. C. § 8111. The statute reads:

§ 8111. Work, labor or personal services.

No action for recovery upon a claim for wages, salary, or overtime for work, labor or personal services performed, or for damages (actual, compensatory or punitive, liquidated or otherwise), or for interest or penalties resulting from the failure to pay any such claim, or for any other benefits arising from such work, labor or personal services performed, or in connection with any such action, shall be brought after the expiration of one year from the accruing of the cause of action on which such action is based.

Defendants argue that the incentive bonus at issue in this case is a "benefit[ ] arising from such work, labor or personal services performed," and therefore, subject to the one year limitations period of section 8111.

In support of this position, defendants rely on the court's broad interpretation of section 8111 in *Sorensen v. Overland Corp.,* 142 F.Supp. 354, 360 (D.Del.1956):

> The one year statute has a comprehensive sweep. It was intended to bar all claims arising out of the employer-employee relationship. The Act bars claims for "wages," "salary," and it likewise applies to "overtime" and to any other "benefits" arising from the corporate-officer employment relationship. The word "benefits" is embracing and covers all advantages growing out of the employment.

Defendants cite a series of decisions where courts have applied the one year statute of limitations to claims for employment related benefits. *See, e.g., McIntosh v. Arabian Amer., Oil Co.,* 633 F.Supp. 942 (D.Del.1986) (holding that employee's action for reimbursement of educational expenses from employer was barred by § 8111); *Wilmington Housing Auth. v. Rocky Marciano Constr. Co.,* 407 F.Supp. 228 (D.Del.1976) (finding that action for unpaid minimum and overtime wages was subject to one year limitations period); *SCOA Indus., Inc. v. Bracken,* 374 A.2d 263 (Del.1977) (holding that claim for year-

end bonus constituted claim for "wages" under the Wage Act and therefore, was barred by one year statute of limitations).

Compass argues that he is not seeking to recover employment related benefits, but to recover damages for breach of contract and violations of the Wage Act. Therefore, Çompass contends that his claims fall under Delaware's three year statute of limitations, 10 Del. C. § 8106. The statute reads:

> § 8106. Actions subject to 3 year limitation.
>
> No action to recover damages for trespass, no action to regain possession of personal chattels, no action to recover a debt not evidenced by a record or by an instrument under seal, no action based on a detailed statement of the mutual demands in the nature of debit and credit between the parties arising out of contractual or fiduciary relations, no action based on a promise, no action based on a statute, and no action to recover damages caused by an injury unaccompanied with force or resulting indirectly from the act of the defendant shall be brought after the expiration of 3 years from the accruing of the cause of action; subject, however, to the provisions of §§ 8108–8110, 8119 and 8127 of this title.

In support of this position, Compass cites a line of cases where courts have held that actions arising out of the employer-employee relationship are subject to the three year limitations period. *See, e.g., Goldman v. Braunstein's, Inc.,* 240 A.2d 577 (Del.1968) (holding that employee's action for wrongful discharge was subject to three year limitations period); *Brown v. Colonial Chevrolet Co.,* 249 A.2d 439 (Del.Super.Ct.1968) (finding that employee's claim for an unpaid bonus fell under § 8106 because the claim was for breach of a promise to pay what would have been earned had employment continued rather than for something already earned).

This is not the first time that a court has had to reconcile these two overlapping Delaware statutes. "Employment litigation in Delaware often implicates both sections because nearly every claim for wages is based on an underlying promise, express or implied, to pay the wages." *Roos v. Delaware Valley Radiology, P.A.,* Civ. A. No. 88–85–CMW, 1989 WL 37157, *4 (D.Del. April 3, 1989) (citing *Wilmington Housing,* 407 F.Supp. at 232).

The Delaware Supreme Court's decision in *Goldman v. Braunstein's, Inc.,* 240 A.2d 577 (Del.1968), provides guidance for resolving the conflict. The Supreme Court held that Goldman's claim that he was wrongfully discharged by the defendant was subject to the three year limitations period. The court distinguished between an employee's claim to recover an unpaid salary or bonus and Goldman's claim for wrongful discharge. *Id.* at 578 ("The present claim does not arise from services performed, and is not a suit for the salary and bonus; it is based upon an alleged wrongful termination of the contract, and seeks damages therefor.").

■ The distinction between sections 8106 and 8111 can be summarized as follows. If plaintiff alleges a breach of a duty to provide benefits or to pay wages for work already performed, then the one year statute of limitations in section 8111 governs. On the other hand, if plaintiff alleges that his employer breached a different duty arising out of the employment agreement, then the three year statute of limitations period in section 8106 applies.

■ In this case, Compass alleges that American Mirrex failed to pay him the enterprise appreciation bonus that was due following the company's merger with VPI. The employment agreement was structured such that the longer Compass worked for the company, the more his bonus increased. It is clear that the enterprise appreciation bonus was an employment benefit under the agreement. As such, Compass's action to recover the unpaid bonus is subject to the one year statute of limitations. *See* 10 Del. C. § 8111 (providing that action to recover

"benefits arising from such work, labor or personal services performed" are subject to one year limitations period). Therefore, Compass's claims are barred if they were not brought within one year of the date the cause of action accrued.

2. *When did plaintiff's claims accrue?*

■ Compass argues that his claims are not barred by the one year statute of limitations because the claims did not accrue until October 10, 1997, ten months before this action was filed. Compass contends that his claims could not have accrued at the closing on March 14, 1997 because the facts needed to calculate the bonus were not known until later.

Defendants counter that the claims accrued at the closing on March 14, 1997. Defendants point to section 12 of the employment agreement which states that the enterprise appreciation bonus "shall be paid on the date of consummation of the Change of Control Transaction." Moreover, defendants argue that Compass testified during his deposition that he "was due those payments" after the closing on March 14, 1997.

In this case, Compass sued the defendants because he alleges that American Mirrex did not pay him the proper enterprise appreciation bonus following the merger with VPI. While the employment agreement stated that the enterprise appreciation bonus was due at closing, the facts needed to calculate the bonus were not known at the time of closing. Compass and American Mirrex continued to negotiate over the proper amount of the bonus for seven months after the closing. It was not until October 10, 1997 that American Mirrex tendered a check for less than Compass believed was due under the employment agreement. Thus, October 10 is the date that Compass's claims matured and the statute of limitations began to run. Compass filed this action on August 10, 1998. Therefore, Compass's claims are not barred by the applicable one year statute of limitations and the court will grant partial summary judgment in favor of Compass on this issue.

B. *Does Plaintiff State a Claim Under Delaware's Wage Act?*

■ Defendants also moved for summary judgment on the Wage Act claims, contending that Compass fails to state a claim under the statute. The complaint alleges that American Mirrex violated section 1104(a) of the Wage Act. The statute provides:

> In case of a dispute over the amount of wages, the employer shall pay without condition and within the time set by this chapter all wages or parts thereof conceded by the employer to be due, leaving to the employee all remedies the employee might otherwise be entitled to, including those provided under this chapter, as to any balance claimed.

19 Del. C. § 1104(a). Compass contends that York is liable as an officer of American Mirrex who knowingly permitted the corporation to violate section 1104(a) and Compass seeks liquidated damages and attorney's fees under the Wage Act. According to the Wage Act, "wages" is defined as "compensation for labor or services rendered by an employee, whether the amount is fixed or determined on a time, task, piece, commission or other basis of calculation." 19 Del. C. § 1101(a)(2).

Defendants argue that the one-time enterprise appreciation bonus cannot be considered "wages" because it was intended to be a substitute for equity participation. Defendants cite several decisions where courts have held that nonrecurrent employee benefits are not "wages" under the act. *See, e.g., Delaware v. American Ins. Co.,* 559 A.2d 1247, 1250 (Del.1989) (holding that fringe benefits are not wages because "the use of the word 'wages' in the statute corresponds with the word 'pay.'"); *General Motors Corp. v. Local 435,* 546 A.2d 974, 980 (Del.1988) (finding that holiday pay does not constitute "wages"); *Department of Labor v. Green Giant Co.,* 394

A.2d 753 (Del.Super.Ct.1978) (holding that severance pay is not "wages" because "wages" refers to "regular direct recurrent compensation for services rendered").

Compass counters that the Wage Act covers his claim for the enterprise appreciation bonus because the statute contemplates that "wages" can be "determined on a time, task, piece, commission or other basis of calculation." 19 Del. C. § 1101(a)(2). Compass contends that the bonus was structured to compensate him for his efforts in turning around the company. Thus, he argues that the enterprise appreciation bonus resembles the year-end bonus that the Delaware Supreme Court recognized as wages in *SCOA Indus., Inc. v. Bracken*, 374 A.2d 263 (Del.1977).

The court finds that the nonrecurrent enterprise appreciation bonus does not constitute "wages" as that term is defined in the Wage Act. "[T]he word 'wages' was used to refer to the regular direct compensation which would ordinarily be paid at the end of each pay period of a certain number of work days." *Green Giant*, 394 A.2d at 755. The one-time bonus in this case was designed to compensate Compass in the event of a sale or merger. As a result, the enterprise appreciation bonus is more analogous to severance pay than it is to "regular direct compensation." Because the complaint fails to state a claim under the Wage Act, the court will grant partial summary judgment in favor of defendants on this issue.

The court will issue an order in accordance with this opinion.