BARRY, Circuit Judge,
concurring and dissenting.
While I agree with much of the majority’s opinion, I cannot agree with the conclusion that' the most analogous state statute of limitations for a § 502(a)(1)(B) claim is found in Delaware’s § 8111. It is on that issue, and that issue alone, that I dissent.
First, it is clear, as the majority notes, that every circuit which has addressed this issue has applied the statute of limitations for a state contract action as most analogous to an ERISA claim for the denial of benefits. As the majority also notes, we, too, have suggested, albeit in dicta, that the state statute of limitations for a contract action would apply to claims under § 502(a)(1)(B). See Connell v. Trustees of the Pension Fund of the Iromvorkers Disk Council of Northern New Jersey, 118 F.3d 154, 156 n. 4 (3d Cir.1997). Moreover, district courts too numerous to mention have also concluded that a state contract statute of limitations is most analogous to a § 502(a)(1)(B) claim. This is, indeed, a resounding chorus.
The rub here, however, is this. The majority concludes that “Delaware, in essence, has two statutes of limitations for contract disputes,” specifically § 8106 and § 8111, and one, of course, must be selected. The majority then selects § 8111, which relates to claims “for wages, salary, or overtime for work, labor or personal services performed ... or for any other benefits arising from such work, labor or personal services” as being “more specific” and, thus, most analogous to a claim for denied disability benefits under ERISA than § 8106, the statute traditionally used in Delaware for breach of contract, or breach of promise, actions. While I agree that § 8111 is “more specific,” it simply does not apply to a claim that ERISA benefits were wrongly denied.
Delaware courts restrict § 8111 and its one-year statute to work or services which have already been performed and apply § 8106 to a promise of compensation for work or services to be performed. The § 8111 action, in other words, is based on the services performed rather than on the original promise while the § 8106 action is based on the underlying promise with respect to services not yet completed. See Goldman v. Braunstein’s, Inc., 240 A.2d 577, 578 (Del.1968); Brown v. Colonial Chevrolet Co., 249 A.2d 439, 441 (Del.Super.Ct.1968).[1] Moreover, benefits for work or services which have been performed have been described in the ease on which the majority primarily relies as “fringe” benefits. Mitchell v. E.I. Dupont Denemours & Co., 310 A.2d 641, 642 (Del. 1973). Claims for fringe benefits are typi *164 cally governed by § 8111. See e.g., Compass v. American Mirrex Corp., 72 F.Supp.2d 462, 467-68 (D.Del.l999)(claim for unpaid bonus governed by § 8111); SCOA Industries, Inc. v. Bracken, 374 A.2d 263, 264 (Del.l977)(claim for year-end bonus was equivalent of “wages” and governed by § 8111).
In Mitchell, a pre-ERISA case, the Supreme Court of Delaware determined that Mitchell’s action under Delaware’s Disability Wage Plan was governed by § 8111. The Disability Wage Plan, however, had one and only one requirement for eligibility — “at least one year of continuous service.” The Plan was a “fringe benefit,” said the Court, which accrued to Mitchell simply because she had worked for the one year — her “work” had been “performed.” Mitchell, 310 A.2d at 642.
Syed’s claim, however, has little or nothing to do with work or services performed or fringe benefits and has everything to do with benefits for disability based on an interpretation and analysis of the Plan documents, akin to the analysis required in a traditional breach of contract claim:
The [claimant] has brought this action to recover benefits allegedly due him under the terms of the employee pension benefit plan and to enforce and/or clarify his rights under the terms of that Plan. The employee pension benefit plan and its predecessor ... are in written form. Each of the Plans contain extensive and detailed terms and conditions governing the rights and duties of all participants in the fund.
Jenkins v. Local 705 Int’l Bd. of Teamsters Pension Plan, 713 F.2d 247, 252-53 (7th Cir.1983); see also Hogan v. Kraft Foods, 969 F.2d 142, 145 (5th Cir. 1992)(“[The] claim involves the interpretation of the annuity contract[.]”); Meade v. Pension Appeals and Review Comm., 966 F.2d 190, 195 (6th Cir.l992)(“[T]he Plan at issue in this case constitutes a written contract [for disability benefits].”); Johnson v. State Mut. Life Assur. Co. of America, 942 F.2d 1260, 1264 (8th Cir.l991)(not-ing that life insurance policy governed by ERISA “is a written promise to pay money if a specified condition, accidental death, occurs in the future”).
Here, as in Jenkins, it is the Plan which will dictate the outcome of Syed’s claim for unpaid disability benefits.[2] There is simply no reasoned basis for concluding that fringe benefits given by the employer to the employee, i.e. “benefits arising from ... work, labor or personal services performed,” should be stretched to include the very different pension and health benefits governed by an ERISA plan that is subject to contract interpretation.[3] The majority’s two-fold rejoinder to this is not persuasive. The majority misses the point by stating the hardly startling proposition that “Syed’s claim was squarely based on his prior employment,” “hardly startling” because Syed, of course, had to have been an employee to have brought an ERISA claim. Beyond that, the majority’s citation to one case — a preemption case which emanated from New Jersey, not Delaware — for the proposition that ERISA benefits are “often” termed fringe benefits is somewhat disingenuous. The category *165 of funds to which the New Jersey Construction Workers’ Fringe Benefit Security Act at issue in that case applied consisted “largely if not entirely of employee benefit plans governed by ERISA.” Bricklayers and Allied Craftsmen Inti Union Local S3 Benefit Funds v. America’s Marble Source Inc., 950 F.2d 114,118 (3d Cir.1991).
Mitchell aside, the majority also invokes a 1956 District of Delaware case which states that § 8111 is meant to encompass all disputes arising from the employment relationship. See Sorensen v. Overland Corp., 142 F.Supp. 354 (D.Del.1956), ajfd, 242 F.2d 70 (3d Cir.1957). Separate and apart from the fact that this sweeping language emanates from a case decided long before ERISA was even a twinkle in Congress’s eye, the statement which the majority quotes has been qualified in at least two posi-ERISA District of Delaware cases. In Rich v. Zeneca, Inc., 845 F.Supp. 162 (D.Del.1994), relied on by Syed, the District Court found Mitchell and the “fairly broad” statement in Soren-sen inapplicable to Rich’s claim under ERISA that his employer wrongfully interfered with his attainment of pension and employment benefits:
§ 8111 and its one year statute of limitations for wage, salary and benefit claims should not be read as being so comprehensive as to bar all claims arising out of the employer-employee relationship. Rather [§ 8111] is directed to claims alleging a breach of a duty to pay wages, salary or overtime for work performed. Where, as here, a plaintiff alleges that a defendant has breached a different duty arising out of the employer-employee relationship, another statute of limitations may apply to the plaintiffs claim.
Rich, 845 F.Supp. at 165. The Court concluded that Rich’s claims were most analogous to the breach of contract and breach of promise claims asserted in Goldman and Brown and, thus, subject to the § 8106 three-year statute of limitations. See id. at 165-66. Parenthetically, the majority’s effort to distinguish Rich by shoe-horning Syed’s case into “work performed” because his benefits have been “earned” makes no sense both on its face and because those contracted-for benefits can only be “earned” when certain criteria — criteria stated in the Plan — are met, a finding which cannot now be made.[4]
In the second post-ERISA District of Delaware case, the Court, referencing what it called the “broad interpretation” of § 8111 in Sorensen, found that the bonus at issue — a clear “fringe” benefit — was subject to § 8111’s one-year statute of limitations. The Court summarized the distinction between § 8106 and § 8111:
If a plaintiff alleges a breach of a duty to provide benefits or to pay wages for work already performed, then the one year statute of limitations in section 8111 governs. On the other hand, if plaintiff alleges that his employer breached a different duty arising out of the employment agreement, then the three year statute of limitations in section 8106 applies.
Compass, 72 F.Supp.2d at 467. Just such a “different duty” has been alleged here. See also DeWitt v. Penn-Del Directory Corp., 872 F.Supp. 126, 134r-35 (D.Del. 1994) (§ 8106 is the most analogous statute of limitations for ERISA § 510 claim).
Finally, the majority cites a 1995 Eighth Circuit case which applied Minnesota’s *166 two-year statute of limitations for wage claims as more analogous to a § 502(a)(1)(B) claim than the six-year statute of limitations governing contract disputes. See Adamson v. Armco, Inc., 44 F.3d 650 (8th Cir.), cert, denied, 516 U.S. 823, 116 S.Ct. 85, 133 L.Ed.2d 42 (1995). Conceding that Minnesota courts have not had occasion to determine whether claims for employee benefits under an ERISA plan are wage claims, the Adamson Court found the issue “hardly in doubt,” but cited in support of its “hardly in doubt” conclusion only pre-ERISA cases involving claims not for disability benefits but for unpaid vacation benefits, salary increases and “adjustment of all fringe benefits.” 44 F.3d at 653. Hardly ringing support.
It is, thus, clear, at least to me, that § 8106’s statute of limitations for contract actions is more analogous to an ERISA claim for the denial of benefits than that found in § 8111.[5] Moreover, in our search for the most analogous statute, we are not necessarily limited to reviewing the two presented to us. It might well be appropriate, therefore, to consider Delaware’s three-year statute of limitations for claims alleging breach of insurance policies, 19 Del. C. § 3315. Other circuits have concluded that similar state statutes are the most analogous to § 502(a)(1)(B) claims and supply the appropriate statute of limitations. See, e.g., Lang v. Aetna Life Ins. Co., 196 F.3d 1102, 1104 (10th Cir.1999) (“Our duty ... is to choose the most analogous state statute of limitation. While plaintiffs ERISA claim is based upon a contract, it is more precisely based upon a contract of insurance. Therefore, we hold that the three-year statute of limitations applies to plaintiffs claim.”); Nikaido v. Centennial Life Ins. Co., 42 F.3d 557, 559 (9th Cir.l994)(using California’s “limitations statute specifically for disability policies” rather than general breach of contract statute where ERISA Plan contained provision similar to that of California’s insurance code); Duchek v. Blue Cross and Blue Shield of Nebraska, 153 F.3d 648, 649-50 (8th Cir.l998)(applying Nebraska Insurance Statute to action for benefits under ERISA). As the Duchek Court put it:
[I]t would be anomalous to characterize this suit as a contract action and then borrow Nebraska’s generic contract statute of limitations rather than the specific section of the Nebraska insurance laws permitting the contractual limitation in question.
153 F.3d at 649-50.
The majority, after concluding that Syed’s claim comes within § 8111’s statute of limitations, recognizes that that does not conclusively resolve the issue because the selected statute of limitations must not be “inconsistent with national labor policy.” It is, indeed, quite clear that a state’s statute of limitations for ERISA claims will only be borrowed “so long as application of state statute’s time period would not impede effectuation of federal policy.” Pierce County Hotel Employees and Restaurant Employees Health Trust v. Elks Lodge, 827 F.2d 1324, 1328 (9th Cir.1987); see also Jenkins, 713 F.2d at 251 (“In *167 determining the most appropriate state statute of limitations, the court must be cognizant of and examine the underlying nature of the federal claim as well as the federal policies involvedThe majority, while finding § 8111’s one-year statute of limitations to be “short,” and while choosing not to discuss the policy behind ERISA, simply concludes that it “cannot say” the one-year statute of limitations is inconsistent with that policy. That conclusion is not so clear to me.
In enacting ERISA, “Congress sought to protect the interests of participants in employee benefits plans by regulating the administration of such plans and by providing participants and beneficiaries with a variety of remedies to. assure compliance with the statutory framework.” Harrison, 183 F.3d at 1239; see also Held v. Manufacturers Hanover Leasing Corp., 912 F.2d 1197, 1202 (10th Cir.l990)(“The principal purpose of ERISA is to protect employees’ rights to benefits under a covered plan.”). While I cannot say that applying § 811 l’s one-year statute of limitations (which, it must be remembered, bars Syed’s claim) is so unreasonable as to impede the effectuation of federal policy, I surely cannot say that we are furthering Congress’s clearly stated goal by concluding that Delaware’s employees have a much shorter period of time within which to file claims for the wrongful denial of benefits than employees in virtually every other state.[6] Perhaps the Delaware Legislature will feel obliged to consider this unfortunate result. See Johnson, 942 F.2d at 1266 (“Either Congress, by amending ERISA, or the Missouri Legislature is free to modify the statute of limitations. Until such legislative action, we are required to hold, consistent with Missouri law, that plaintiff ‘s claim to enforce defendant’s written promise for the payment of money is governed by the ten-year statute of limitations.”).'
One final note. The Supreme Court of Delaware has instructed that when a Delaware court is in doubt as to which of two statutes of limitations control, it should choose the longer. See Sonne v. Sacks, 314 A.2d 194, 196 (Del.1973). Indeed, we, ourselves, have recognized this principle in a diversity case dealing with an § 8106 and § 8111 dispute. See Lindsey v. M.A. Zec-cola & Sons, Inc., 26 F.3d 1236, 1245 (3d Cir.1994). Although we, of course, are not bound to follow that sensible instruction, choosing the concededly applicable longer statute of limitations period would not only further the federal policy behind ERISA but would bring Delaware into line with all of the other states in which substantially longer statutes of limitations are applied than the one-year period deemed applicable here. I respectfully dissent.

. As the majority acknowledges, selecting the appropriate statute of limitations is a matter of federal, not state, law, and thus our task is not to predict which statute of limitations the Delaware Supreme Court might select for an ERISA claim. Rather, "in borrowing the state statute of limitations to impose a time limitation on the federal cause of action, the federal court is 'closing the gap’ left by Congress in order to fashion a body of federal common law to supplement the federal statu-toiy cause of action.” Harrison v. Digital Health Plan, 183 F.3d 1235, 1238-39 (11th Cir.1999).

. It also bears mention that ERISA plans involve parties outside the employment relationship such as family members, the insurance company, and the plan administrator, and for that reason as well a § 502(a)(1)(B) claim does not fit squarely within § 8111. See Harrison, 183 F.3d at 1241-42 (noting that ERISA claims may involve non-work related injuries or illnesses and, thus, concluding that state breach of contract statute was more analogous to § 502(a)(1)(B) claims than workers compensation statute).

. Pennsylvania has a similar statute, the Wage Payment and Collection Law, 43 P.S. § 260.1 et seq. See Ferguson v. Greyhound Retirement and Disability Trust, 613 F.Supp. 323, 324 (W.D.Pa.l985)(rejecting use of wage statute — and other statutes of limitations — as most analogous and stating "[t]his is an action for recovery of benefits due under the terms of an employee pension benefit plan[.J We believe that the claim is most analogous to contract law.”).

. The majority rejects a second case relied on by Syed primarily because the Court in that case did not explain why it found § 8111 inapplicable to a claim brought under a group accident insurance policy for personal injuries resulting in disability. See Shaw v. Aetna Life Ins. Co., 395 A.2d 384 (Del.Super.Ct.1978). It is very clear, however, why the Shaw Court found as it did: the very specific two-year statute of limitations for personal injury claims was the perfect fit. I note, for what it is worth, that by virtue of subsequent amendments to the personal injury protection ("PIP”) provisions of Delaware's No Fault Insurance Statute, actions for PIP benefits are now statutory causes of action, subject to the three-year statute of limitations of § 8106. See Harper v. State Farm Mut. Auto. Ins. Co., 703 A.2d 136 (Del. 1997).

. I note in passing, and only in passing because the parties have not discussed it, that §8106 also provides a statute of limitations for "aclion[s] based on a statute”. Delaware courts have applied the provision to § 8106/ § 8111 disputes. See Johnson v. Williams, 728 A.2d 1185, 1188-89 (Del.Super.Ct.l998)(concluding that lower court's use of § 8106 where fireman sought line-of-duty disability benefits pursuant to state statute as an "action based on statute” was not clearly erroneous); Vassallo v. Haber Elec. Co., 435 A.2d 1046, 1051 (Del.Super.Ct.l981)(applying § 8106 to plaintiffs claim that based on a state statute he should have been registered by employer to receive higher wages). Section 8106 has also been found to provide the statute of limitations for a federal RICO claim, a claim "based on a statute.” See Creamer v. General Teamsters Local Union 326, 579 F.Supp. 1284, 1290 (D.Del.1984). Syed’s claim is indisputably based on a statute — ERISA—and because the more specific § 8111 simply does not apply, § 8106 is arguably a more appropriate candidate for the most analogous statute of limitations for this reason as well.

. See e.g., Carey v. Int’l Broth, of Elec. Workers Local 363 Pension Plan, 201 F.3d 44, 46-47 (2d Cir.l999)(applying New York's six-year limitations period); Lang, 196 F.3d at 1104 (applying Utah's three-year limitations period); Harrison, 183 F.3d at 1239-40 (applying Georgia’s six-year limitations period); Dú-chele, 153 F.3d at 649-50 (applying Nebraska’s three-year limitations period); Blue Cross & Blue Shield of Alabama v. Sanders, 138 F.3d 1347, 1357 (11th Cir.l998)(applying Alabama's six-year limitations); Daill, 100 F.3d at 65 (applying Illinois’ ten-year limitations period); Nikaido, 42 F.3d at 559 (applying California's three-year limitations period); Hogan, 969 F.2d at 145 (applying Texas' four-year limitations period); Johnson, 942 F.2d at 1263 (applying Missouri's ten-year limitations period); Meade, 966 F.2d at 193, 195 (applying Ohio’s fifteen-year limitations period); Wright v. Southwestern Bell Telephone Co., 925 F.2d 1288, 1291 (10th Cir.l991)(applying Oklahoma’s five-year limitations period); Pierce, 827 F.2d at 1328 (applying Washington’s six-year limitations period); Hawaii Carpenters Trust Funds v. Waiola Carpenter Shop, Inc., 823 F.2d 289, 297-98 (9th Cir.l987)(ap-plying Hawaii's six-year limitations period); Dameron v. Sinai Hosp. of Baltimore, Inc., 815 F.2d 975, 981-82 (4th Cir.l987)(applying Maryland's three-year limitations period); Trustees for Alaska Laborers-Constr. Indus., Health and Sec. Fund v. Ferrell, 812 F.2d 512, 517 (9th Cir.l987)(applying Alaska’s six-year limitations period).