## IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
## IN AND FOR NEW CASTLE COUNTY

RODERICK STILLWELL,      )
         ) ASBESTOS
       Plaintiff,      )
         ) C.A. No.: N12C-09-071 ASB
       v.      )
         ) JURY TRIAL DEMANDED
CRANE CO., et al.,      )
         )
       Defendants.      )

Submitted:     May 8, 2014
Decided:       August 29, 2014

Upon Defendants' Motion to Dismiss
***GRANTED***

David T. Crumplar, Esquire, Jacobs & Crumplar, P.A., Wilmington, Delaware and Ben Vinson, Esquire, Ben A. Vinson, Jr. Attorney, Tampa Florida *Attorneys for Plaintiff*.

Loreto P. Rufo, Esquire, Rufo Associates, PA, Hockessin, Delaware *Attorney for Defendants*.

**DAVIS, J.**

### INTRODUCTION

This is civil tort action. In this action, Plaintiff Roderick Stillwell alleges that, due to Defendants' wrongful conduct, Mr. Stillwell was exposed to asbestos and, as a result of that exposure, developed asbestosis.

Now before the Court is Defendants' Motion to Dismiss Based on Application of the Delaware "Borrowing Statute" (the "Motion"). [1] In the Motion, Defendants contend that Mr. Stillwell's claims are barred by the applicable statute of limitations. Defendants argue that Mr. Stillwell's claims are barred regardless of whether the three-year Maritime statute applies or

---

[1] Normally, the Court would list the names of the specific defendants moving for relief. In this case, however, the collective Defendants in this civil action, by and through Defense Coordinating Counsel, submitted the Motion.

whether the Delaware two-year statute of limitations applies under the "Borrowing Statute." Mr. Stillwell opposes the Motion, arguing that the three-year Maritime statute of limitations applies. Mr. Stillwell maintains that he filed his claims within the applicable statute of limitations because he did not have a definitive medical diagnosis of asbestosis until late September 2009. In response, Defendants point out that in May of 2009 Mr. Stillwell filed a claim for disability benefits with the United States Department of Veteran's Administration (the "VA") claiming that he had been diagnosed with asbestosis.

For the reasons set forth in this opinion, the Motion is **GRANTED**.

## FACTUAL BACKGROUND

Mr. Stillwell first sought treatment for his injuries at a VA hospital in Fresno, California in April of 2009. This treatment followed an emergency room visit on March 30, 2009, during which Mr. Stillwell was treated as having bronchitis.[2] After Mr. Stillwell's symptoms failed to subside he sought treatment at the Fresno VA hospital.

On April 29, 2009, the VA advised Mr. Stillwell that he had "increased interstitial markings," and ordered a CT scan.[3] On May 5, 2009 the VA noted in Mr. Stillwell's medical records that the CT scan revealed "interstitial fibrotic changes."[4] In his deposition, Mr. Stillwell indicated that the VA discussed the results of the CT scan with him. "They told me that based on the information they had on my service history and the asbestos that they suspected was in my lungs, that I probably had an infectious – asbestos disease of some sort."[5] After the VA

---

[2] Defs.' Supplement, Ex. N at 1.
[3] *Id.* at 3.
[4] *Id.* at 4.
[5] The Motion, Ex. D at 195:21-25.

discussed the results of the CT scan, Mr. Still indicated that he received further examination from a lung specialist who recommended that Mr. Stillwell apply for government disability.[6]

Mr. Stillwell applied for disability benefits with the VA on May 22, 2009. On Mr. Stillwell's application for disability benefits (the "Application"), Mr. Stillwell indicated the injury for which he was claiming benefits was "Asbestosis/Lung Condition."[7] Mr. Stillwell also indicated that this condition was caused by his "in-service exposure to asbestos while stationed on [the] USS Ticonderoga/CVA-14."[8] In the Application, Mr. Stillwell further stated: "I've been diagnosed & treated at the Fresno VAMC; Please obtain any & all records necessary."[9]

On June 25, 2009, the VA wrote to Mr. Stillwell, requesting more information on his asbestosis and lung condition. In his response Mr. Stillwell stated that he was "responding to the VA letter dated 06/25/2009 in regards to the asbestosis, lung condition."[10] Mr. Stillwell included a June 22, 2009 report from Peter Baylor, M.D., a pulmonary specialist. In that report, Dr. Baylor, noted "CT scan shows some changes consistent with early interstitial fibrosis." Dr. Baylor also noted that it was "hard to know whether he has IFP due to asbestos or restriction due to obesity. He likely has asbestosis."[11] Mr. Stillwell also submitted a statement in support of his disability claim on September 1, 2009, stating that he recently learned that a shipmate of his, Tom Nau, had "Asbestosis too."[12]

Mr. Stillwell contends that he did not have a medical diagnosis of asbestosis until Mr. Stillwell was diagnosed with asbestosis by Dr. Martin Lauber in late September 2009. In Dr. Lauber's September 29, 2009 report, Dr. Lauber states the following: "While not proven it is

---

[6] *Id.* at 197:10-13.
[7] Defs.' Supplement, Ex. H at 7.
[8] *Id.* at 7.
[9] *Id.* at 7.
[10] Defs.' Supplement, Ex. J at 1.
[11] *Id.* at 9.
[12] Defs.' Supplement, Ex. K.

more likely than not that the veteran's current pulmonary symptoms are due to asbestos related disease and therefore service connection should be considered."[13]  On October 30, 2009, the VA issued a decision granting Mr. Stillwell disability benefits dating back to May 29, 2009.[14]

Mr. Stillwell filed this Complaint on September 12, 2012.  Defendants filed the Motion on April 11, 2014.  In the Complaint, Mr. Stillwell asserted that Maritime law was the substantive law governing the case.[15]  On April 7, 2014, Mr. Stillwell moved the Court to declare that New York substantive law governed the case.  However, on April 16, 2014 Mr. Stillwell again moved to declare Maritime law the substantive law governing the case.

Defendants' Supplemental Submission in Support of Motion to Dismiss (the "Supplement") was filed on April 25, 2014.  Plaintiff's Response to Defendants' Motion for Summary Judgment as to Statute of Limitations (the "Response") was filed on May 1, 2014.  Defendants' Reply in Support of Motion to Dismiss (the "Reply") was filed on May 5, 2014.  A hearing was held on the Motion on May 8, 2014, at which point the Court took the Motion under advisement.

**PARTIES' CONTENTIONS**

Defendants contend that Mr. Stillwell's claims are time barred regardless of whether the two-year Delaware statute of limitations is used pursuant to Delaware's "Borrowing Statute" or the three-year Maritime statute of limitations is used.  Defendants argue that Mr. Stillwell was chargeable with knowledge of his asbestosis well before September 12, 2009 – the latest date in which the statute could have begun to accrue and still allow the Complaint to have been timely. Defendants assert that Mr. Stillwell must be chargeable with knowledge of his injury before the date in which Mr. Stillwell filed his claims for disability benefits with the VA.  As evidence of

---

[13] Pls.' Response, Ex. A.
[14] Defs.' Supplement, Ex. O.
[15] Compl. ¶ 11.

this, Defendants note that (i) Mr. Stillwell claimed asbestosis as a disability on the Application on May 22, 2009, and (ii) Mr. Stillwell was diagnosed with and treated for that condition at the Fresno VAMC beginning March 30, 2009. Therefore, Defendants contend that regardless of whether a three-year or two-year statute of limitations applies, Mr. Stillwell's claims are time barred.

Mr. Stillwell contends that the statute of limitations did not begin to accrue until late September 2009 because up until that point, Mr. Stillwell did not have a certain medical diagnosis of asbestosis. Mr. Stillwell argues that, regardless of whether or not he applied for disability based on his asbestosis or had a subjective belief that he had asbestosis, there was no definitive medical diagnosis until Dr. Lauber diagnosed Mr. Stillwell on September 26, 2009. Mr. Stillwell argues that this puts his Complaint within the three-year statute of limitations applicable to Maritime law -- the law that Mr. Stillwell maintains is the substantive law governing the case.

## STANDARD OF REVIEW

Upon a motion to dismiss "matters outside the pleadings such as affidavits and depositions may be considered and the motion treated as one for summary judgment."[16] The standard of review on a motion for summary judgment is well-settled. The Court's principal function when considering a motion for summary judgment is to examine the record to determine whether genuine issues of material fact exist, "but not to decide such issues."[17] Summary judgment will be granted if, after viewing the record in a light most favorable to a non-moving

---

[16] *Brown v. Colonial Chevrolet Co.*, 249 A.2d 439, 441 (Del. Super. 1968).
[17] *Merrill v. Crothall-American Inc.*, 606 A.2d 96, 99-100 (Del. 1992) (internal citations omitted); *Oliver B. Cannon & Sons, Inc. v. Dorr-Oliver, Inc.*, 312 A.2d 322, 325 (Del.Super.Ct. 1973).

party, no genuine issues of material fact exist and the moving party is entitled to judgment as a matter of law.[18]

If, however, the record reveals that material facts are in dispute, or if the factual record has not been developed thoroughly enough to allow the Court to apply the law to the factual record, then summary judgment will not be granted.[19] The moving party bears the initial burden of demonstrating that the undisputed facts support his claims or defenses.[20] If the motion is properly supported, then the burden shifts to the non-moving party to demonstrate that there are material issues of fact for the resolution by the ultimate fact-finder.[21]

## DISCUSSION

For purposes of the Motion, the Court will assume that the longer three-year Maritime statute of limitations applies. Even with the longer statute of limitations, Mr. Stillwell has still failed to file his Complaint within the applicable statute of limitations. In order for Mr. Stillwell to have timely filed his Complaint, Mr. Stillwell cannot be charged with knowledge of his asbestosis earlier than September 12, 2009. Based on the record of this case, however, the Court finds that Mr. Stillwell can be charged with knowledge before that date.

The Supreme Court of Delaware has addressed the issue of when the statute of limitations begins to run in cases involving asbestos exposure. "The period begins to run when the plaintiff is chargeable with knowledge that his condition is attributable to asbestos exposure."[22] "Mere exposure to asbestos accompanied by symptomatology associated with asbestosis may not suffice, however, to render a plaintiff chargeable with knowledge that his harm is attributable to

---

[18] *Merrill*, 606 A.2d at 99-100; *Dorr-Oliver*, 312 A.2d at 325.
[19] *Ebersole v. Lowengrub*, 180 A.2d 467, 470 (Del. 1962). *See also Cook v. City of Harrington*, 1990 WL 35244 at *3 (Del.Super.Ct. Feb. 22, 1990)(citing *Ebersole*, 180 A.2d at 467)("Summary judgment will not be granted under any circumstances when the record indicates … that it is desirable to inquire more thoroughly into the facts in order to clarify the application of law to the circumstances.").
[20] *Moore v. Sizemore*, 405 A.2d 679, 680 (Del. 1970)(citing *Ebersole*, 180 A.2d at 470).
[21] *See Brzoska v. Olsen*, 668 A.2d 1355, 1364 (Del. 1995).
[22] *In re Asbestos Litig.*, 673 A.2d 159, 162 (Del. 1996).

asbestos exposure where there is uncertainty in medical diagnosis."[23] "When either plaintiff's knowledge or the reasonableness of his actions are in dispute in the light of conflicting evidence in the record the issue is best left to the jury."[24]

Mr. Stillwell argues that because there was uncertainty in Mr. Stillwell's diagnosis of asbestosis until late September 2009, the statute did not begin to run until that point. This argument ignores the vast array of evidence showing that Mr. Stillwell was diagnosed with asbestosis and could be chargeable with knowledge of that diagnosis before September 12, 2009. On May 22, 2009, Mr. Stillwell filed a sworn, disability claim asserting that he suffered from asbestosis and had been diagnosed and treated for that disease. Indeed, Mr. Stillwell was successful in this claim and was awarded disability benefits dating back to May 29, 2009 (the date in which his claims were received by the VA).

Further, Mr. Stillwell stated in his deposition that he filed his disability claim based on the recommendation of a lung specialist he consulted with about his condition prior to May 22, 2009. These facts indicate that at the time of filing his claim for disability benefits, which was successful, Mr. Stillwell was aware that he had asbestosis and that he had in fact been diagnosed with the condition. Based on this evidence, it is clear that the circumstance before this Court is not akin to a situation where a plaintiff has a subjective belief that he has an asbestos related injury accompanied by symptoms, but has not received a medical diagnosis of the injury. Mr. Stillwell was certain enough of his condition and diagnosis to file and successfully establish a claim for disability benefits premised on his asbestosis. Under these circumstances, Mr. Stillwell must be chargeable with knowledge of his condition before he filed the Application on May 22, 2009.

---

[23] *Id.*
[24] *Id.*

The Supreme Court had articulated a four-factor test for determining when the statute of limitations begins to run in cases involving asbestos related injuries:

> In order to determine when the statute of limitations begins to run, this Court has adopted a four factor test: "(1) the plaintiff's level of knowledge and education; (2) the extent of his recourse to medical evaluation; (3) the consistency of the medical diagnosis; and (4) plaintiff's follow-up efforts during the period of latency following initial recourse to medical evaluation."[25]

With regards to the first factor of the test – Mr. Stillwell's "level of knowledge and education" –although Mr. Stillwell only has an eighth grade education, he appears to have been fairly informed about the nature of asbestosis. In Mr. Stillwell's deposition, he indicated that he was familiar with asbestosis before submitting his disability claims in May of 2009.

> Q. After the doctor told you that you had asbestos or what he thought was asbestos in your lungs and an asbestos condition, did you ever ask him what he meant about that or meant by that?
>
> MR. VINSON: Objection.
>
> THE WITNESS: No, I don't think so. Because I was pretty familiar by that time. I had a fellow shipmate that had it.
>
> BY MR. LEES:
> Q. You said you had a fellow shipmate that had it. What do you mean by that, sir?
>
> MR. VINSON: Objection
>
> THE WITNESS: I had a fellow shipmate who had asbestosis.[26]

This indicates that Mr. Stillwell had adequate knowledge and experience to have been chargeable with knowledge of his medical diagnosis of asbestosis before he filed for disability benefits in May 2009. Therefore, this factor of the test weighs in favor of Mr. Stillwell being chargeable with knowledge of his injury prior to September of 2009.

---

[25] *DaBaldo v. URS Energy & Const.*, 85 A.3d 73, 79 (Del. 2014) (*quoting In re Asbestos Litig.*, 673 A.2d 159, 163 (Del. 1996)).
[26] The Motion, Ex. D at 201:23-202:11.

As to the second factor of the test – the extent of Mr. Stillwell's "recourse to medical evaluation" – Mr. Stillwell was well informed about his condition before filing for disability and certainly before September 12, 2009 based on the steps he took in pursuing treatment. On April 29, 2009, the VA informed Mr. Stillwell that he had "increased interstitial markings."[27] In Mr. Stillwell's medical records the doctor further notes that Mr. Stillwell "verbalized understanding of the above impressions and plans."[28]

On, May 5, 2009 the VA noted that the CT scan showed that Mr. Stillwell had "[m]ild to moderate interstitial fibrosis changes." Mr. Stillwell stated, during his deposition, that the VA discussed these results with him, referring him to a pulmonary specialist for further examination.[29] In June 2009, Dr. Baylor indicated that Mr. Stillwell's CT scan showed changes "consistent with early interstitial fibrosis" and further stated that Mr. Stillwell likely had asbestosis."[30] Based on Mr. Stillwell's medical treatment up until September 12, 2009, this factor of the test weighs in favor of finding that Mr. Stillwell was chargeable with knowledge of his condition prior to that date.

With regards to the third factor of the test – "the consistency of the medical diagnosis," – Mr. Stillwell's diagnoses were largely consistent. As illustrated above, Mr. Stillwell's medical records indicate that his medical professionals consistently found that he has "interstitial fibrotic changes." Although Dr. Baylor mentioned that it was difficult to say whether Mr. Stillwell's symptoms were caused by asbestos or by Mr. Stillwell's obesity, Dr. Baylor stated that Mr. Stillwell "likely has asbestosis."[31] Therefore, Mr. Stillwell's medical diagnoses appear to be

---

[27] Defs.' Supplement, Ex. N at 3.
[28] *Id.*
[29] The Motion, Ex. D at 197:10-13.
[30] Defs.' Supplement, Ex. J at 9.
[31] *Id.*

consistent. Consequently, this factor of the test also weighs in favor of finding Mr. Stillwell to be chargeable with knowledge of his condition prior to September 12, 2009.

With regards to the fourth factor of the test – "plaintiff's follow-up efforts during the period of latency following initial recourse to medical evaluation" – there does not appear to be any delay in Mr. Stillwell pursuing medical treatment for his asbestosis. Therefore, this factor does not appear to apply, but certainly does not weigh in favor of Mr. Stillwell's claim that he cannot be chargeable with knowledge of his condition until after September 12, 2009.

For the reasons discussed above the Supreme Court's four-factor test supports this Courts determination that Mr. Stillwell is chargeable with knowledge of his asbestosis prior to September 12, 2009. Accordingly, the statute of limitations on Mr. Stillwell's claims began to run – at the very latest – by the time Mr. Stillwell filed for disability benefits on May 22, 2009. As a result, even assuming that the longer, three-year Maritime statute of limitations applies, Mr. Stillwell has failed to timely file his Complaint. Therefore Mr. Stillwell's claims are barred by the statute of limitations.

## CONCLUSION

As illustrated by the above arguments, Mr. Stillwell's claims are time barred by the applicable statute of limitations because Mr. Stillwell has failed to timely file his Complaint. Consequently, no genuine issue as to any material fact remains to be litigated and Defendants are entitled to judgment as a matter of law. Therefore, the Motion is **GRANTED** and judgment is entered in favor of Defendants.

**IT IS SO ORDERED**.

/s/ *Eric M. Davis*

Eric M. Davis
Judge

10